CO 947
Rev 10/86

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ABDUS-SHAHID M.S. ALI, Pro Se,
[USP-#03201-000]&[DCDC#136-476]
P.O. BOX 2068 ///USP-Big Sandy
Inez , Kentucky  41224-2028
..........Plaintiff.....
(Enter above, full name, prison number
and adress:)   -VS-   Plaintiff, ET Al.

U.S. PAROLE COMMISSION OF THE
U.S. DEPARTMENT OF JUSTICE...
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

Examiner HAYWOOD, Parole Commissioner
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

JOHN DOE COMMISSIONER, Commissioner
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

EDWARD F. REILLY, JR.,CHAIRMAN-COM.
5550 Friendship Boulevard
Chevy Chase, Mary 20815-7201
.....Defendants, et al.,
(Enter above, full name, and address:)

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

(*) DEMAND A JURY TRIAL:

CASE NUMBER  1:06CV00235

(JUDGE: Royce C. Lamberth

DECK TYPE: Pro se General Civil

(* DATE STAMP: 02/09/2006

(*)Request: Supplimental
Jurisdiction Pursuant to: 28
U.S.C. §1367; §1331; §1343(3)&(4);
and 42 U.S.C.§2000cc-1(R.L.I.P.A.)
And U.S.C. Art.I,§9,Cl.(3):§10,
Clause (1):

JURY ACTION

---------------------------------------------------------------

**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS**
AND DENIAL OF DUE PROCESS UNDER 5th and 14th AMENDMENTS TO THE CONSITUTION
ALSO 42U.S.C.§2000cc-1 & U.S.C. Articles I,§9Cl(3) & §10,Cl,(1):
Civil Rights Act, 42 U.S.C. Section 1983

This packet contains one copy of a complaint form and one copy of a *forma pauperis* petition.  To start an action, you must file an original and one copy for the Court and one copy for each defendant you name.  For example, if you name two defendants, you must file the original and three copies of the complaint.  You should also keep an additional copy of the complaint for your own records.  All copies of the complaint must be identical to the original.

The Clerk will not file your complaint if these instructions and these forms are not USED.

Your complaint must be clearly handwritten or typewritten.  You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct.  If you need additional space to answer a question, you may use another blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within the District of Columbia.  Further, you must file a separate complaint for each claim that you have unless they are all related to the same incident or problem.

# RECEIVED

JAN 2 0 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(2)

In order for this complaint to be filed, it must be accompanied by the filing fee of $150.00.  In addition, you must serve a copy of the complaint on each of the defendants in any of the ways provided for in Rule 4, Federal Rules of Civil Procedure.

If you are unable to pay the filing fee and service costs for this action, you may petition the Court to proceed in forma purperis.  One blank petition for this purpose is included in this packet.  This petition should be filed with your complaint.

The law requires that you state only facts in your complaint.  COMPLAINTS CONTAINING LEGAL ARGUMENTS OR CITATIONS WILL NOT BE FILED.

When these forms are completed, maile the original and the required copies to the Clerk of the United States District Court for the District of Columbia, Third Street and  Constitution Ave., N.W., Room 1825, Washington, D.C. 20001.

### I. PREVIOUS LAWSUITS

A.  Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?        Yes ( )      No (X)

B.  Have you begun other lawsuits in state or federal court relating to your imprisonment?    Yes ( )          No (X)

C.  If your answer to A or B is Yes, describe each lawsuit in the space below.(If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

　　1.  Parties to this previous lawsuit.

　　　　Plaintiffs:＿＿＿＿＿＿＿ N/A ＿＿＿＿＿＿＿＿＿＿＿＿＿＿

　　　　Defendants:＿＿＿＿＿＿ N/A ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

　　2.  Court (If federal court, name the district; if state court, name the County):
　　　　＿＿＿＿＿＿＿＿＿＿＿ N/A ＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿

　　3.  Docket number:＿＿＿＿＿ N/A ＿＿＿＿＿＿＿＿＿＿＿＿＿＿

　　4.  Name of judge to whom case was assigned;＿＿ N/A ＿＿＿＿＿＿

　　5.  Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?＿＿＿＿＿＿ N/A ＿＿＿＿＿＿＿＿＿＿＿＿＿

　　6.  Approximate date of filing lawsuit;＿＿ N/A ＿＿＿＿＿＿＿＿

　　7.  Approximate date of disposition:＿＿＿＿ N/A ＿＿＿＿＿＿＿＿

(3)

II. **PLACE OF PRESENT CONFINMENT:** USP-Big Sandy(F.B.O.P.-Facility);P.O.Box2068
Inez, Kentucky 41224-2068

A. Is there a prisoner grievance procedure in this institution? Yes(X) No ( )
   If your answer is Yes, go to Question II B, C and D and go to Question II E.

B. Did you present the facts relating to your complaint in the prisoner grie-
   vance procedure  Yes ( )   No (X)

C. If your answer is  Yes to Question II B

   1. To whom and when did you complain?   The D.C. Parole says that the
      Parole Commissions decisions are not appealable.         THUS NO

   2. ONE OTHER THAN CONGRESS HAVE OVERSIGHT OVER THE Parole Commission:
      Did you complain in writing?  (Furnish copy of the complaint you made,
      if you have one.) I did complaint in wring to the Parole Commission
      to Michael J. Gains C/O Karla J. Timmons; FOIA-Section
      Suite 420///5550 Friendship Blvd.///Chevy Chase, Maryland 20815.

   3. What, if any response, did you receive?  (Furnish copy of response if
      in writing).         NONE . Not even an acknowment of receipt
      of the document has come from the U.S. Parole Commission. Not
      even a responce to the F.O.I.A. request has  been respected!!!

   4. What happened as a result of your complaint?  Nothing...
      Only the U.S. Congress have oversight of the U.S. Parole Commis-
      sion.. I believe that the Congressional legisative Committee may
      have oversight powers over the U.S. Parole Commission.

D. If your answer is no to Question II B, explain why not.  There is no
   grivance system for the D.C. Parole Prisoners. Thus I have come
   directly to the courts!!! The U.S. Parole Commission says its'
   decisions are not appealable for D.C. Prisoners!!!!!!

E. If there is no prison grievance procedure in the institution, did you com-
   plain to prison authoritiess?  Yes ( )   No ( ) N/A(X)

F. If your answer is Yes to Question II E, N/A(X)

   1. To whom and when did you complain?_____N/A_____

   2. Did you complain in writing? (Furnish copy of the complaint you made,
      if you have one)._____N/A_____

   3. What, if any response, did you receive? (Furnish copy of response if
      in writing._____N/A_____

   4. What happened as a result of your complaint?_____
      N/A

## III. PARTIES

(In item A below, place your name and prison number in the first blank and place your present address in the second blank, Do the same for additional plaintiff, if any).

A. Name of Plaintiff:Abdus-Shahid M.S. Ali  (USP-#03201-000)(DCDC#136-476)
   Address: P.O. Box 2068///USP-Big Sandy///Inez, Kentucky 41224-2068

B. Defendant:U.S.Parole Commission of the U.S. Department of Justice,
   Address: 5550 Friendship Boulevard///Chevy Chase, Maryland 20815-7201
   (Acting instead of the D.C. Board of Parole via Act of Congress:)

C. Defendant:Examiner, Haywood///Employee of U.S. Parole Commission:
   Adress : 5550 Friendship Boulevard///Chevy Chase, Maryland 20815-7201
   (Acting under color of District of Columbia Code Law)

D. Defendant:John Doe-Commissioner///Employee of U.S.Parole Commission:
   Adress: 5550 Friendship Boulevard///Chevy Chase, Maryland 20815-7201
   (Acting under color of D.C.Code & Law via., act of Congress)

E. Defendant:Edward F. Reilly, Jr., Chairman of U.S. Parole Commission
   Address:  5550 Friendship Boulevard///Chevy Chase, Maryland 20815-7201
   (Acting under color od D.C. Code & Law via., act of Congress).

F. Defendant:
   Address:

G. Defendant:
   Address:

H. Defendant:
   Address:

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved.  Include the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases, or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra sheets if Necessary.) Extra pages maybe added, lable them "IV. STATEMENT OF CLAIM CONTINUED."  This claim concerns the denial of parole to Abdus-Shahid M.S. Ali without Due Process under the 5th and 14th Amendment to the U.S. Constitution, and the unjustified hit of five years after he has served 21 years on a  20yrs. to Life sentence with Superior Programing and no disciplinary infactions in 20 years.Plus, the use of false information and a 45 year old juvenile case, without counsel.  *To be continued on page five as attached pages.*

(5)

CONTINUATION OF PART"IV, STATEMENT OF CLAIM" ATTACHMENT PAGES

JURISDICTION:

[1.]     Is pursuant to U.S.C. Title 42 Sec. 1983; And Supplimental

jurisdiction Title 28 U.S.C. Sec,,1367; §1331; and §1343et al.The said

Plaintiff is proceeding against the U.S.Parole Commission and a number

of its' employees under a §1983 Action because they are acting under

the color of the D.C. Code(via ., an act of U.S. Congress),State Law,

and as such can be sued like other state defendants. Venue is believed

to be conferred under 28 U.S.C. § 1391(e);also 42 U.S.C. §2000cc-1(RLUIPA);

&U.S.Contstitution Artical I §(9) Clause(3) and §(10) Clause (1):

[2.]     The Plaintiff is a D.C. Code offender serving two concurrent 20

years to life sentences. He has served 41 yrs on one and 21 yrs on the

other; they ran concurrent from 1985 to now, 2005. The Plaintiff is now

presently domiciled at the USP-Big Sandy Facility of the U.S. Federal

Bureau Of Prisons,due to an act of congress.However, at all times rele-

vant to this complaint he was housed at the said USP-Big Sandy...P.O.

Box 2068///Inez, Ky.41224

[3.]     Thusly, this complaint concerns the Plaintiff's denial of parole,

the giving of a five years hit called a ceremonial-hit(plus he promised

me another ceremonial five years hit and then a two years ceremonial hit.);

Thus, this Examiner , Mr. Haywood said that that was the least of my worries;

for my greatest problem would be finding a parole commissioner to sign

off on letting me go back into the streets.

[4.]     The real problem here is that this examiner computed that I need

251 months before being eligible for parole...when in fact I only need

240 months(20 yrs. equal 240 Months).  The said examiner then used the

251 months(wrongfully computed) to  decide my hit range...adding the 251

months on to the base point score which was a (9), equaling a base guide-

line range of "110-140 months", e.g.,(110+251=361 months Plus 140+251=

391 months)....thus, that was computed as my high and low range of hit.

[5.]   This Examiner, Mr. Haywood gave me only 12 months for Superior

programing when I should have been given up to 6years and 8months. I

have 21 years of good conduct behavior in these DCDC and FBOP facilities!

Plus, the old-law that I was sentenced under gave up a minus-two points;

not 12 months of your hit,(it is important to note that if two-points is

droped from my SFS of five(5) I would be eligable for parole-with 3 points,

minus the dropped two-points).

[6.]   The Examiner, Haywood and his Co-signer Commissioner made a number

of other errors and mistakes in their appraisal of my SFS  and BPS. Also

they gave me points for being 41 years old at the time of the crime when

I was not 41 years old at the time of the crime. They gave me points for

being 16 years old at the time of the junevile robbery crime when I was

only 15 years old...and for that so-called crime of violence I was not

given a trial or laswyer. I was merely charge and presented before the

juvenile judge ,whom found me involed and sentenced,I and another,to the

National Training School for Boys until our 18th birthday.

[7.]   The Examiner, Haywood and his Co-signer Commissioner also used

double-counting in their evaluation infomation used to comput my eligi-

bility for parole.

[8.]   Thus, my said parole hearing on September 14, 2005 was unfair, a

total miscarriage of justice and a violation of due process under the

5th and 14th Amendment to the U.S. Constitution of the United States.

Plus, D.C. Parole decision are none appealable back to them. And there

is no exhaustion of administational remedy in the institutions or the

U.S Department of Justice as far-as-the U.S. Parole Commission is con-

cern.   The U.S. Parole Commission is autonomous from the DCDC, FBOP or

the U.S. Department of Justice. Its' only oversight congressional commi-

ttee is the Congressional-Judicial-Committee; and of course the said
United States Courts.

[9.]     Thusly, Plaintiff seek damages and, injunctive relief and request
declaraory judgment where necessary to inforce his rights against the
violative actions of the U.S. Parole Commission under the 5th and 14th
Amendment of the Constitution and provisions of 42 U.S.C. §1983; 42 U.
S.C. Z 2000CC-1,R.L.U.I.P.A.; 28 U.S.C. § 1331,§1343(3)&(4),§1367 Ect.
including equal protection from harassment and freedom from discrimina-
tion on all basis of process.

. . . . . . . . . . . . . . . . . . . . . . . .FACTUAL . . . ALLEGATIONS. . . . . . . . . . . . . . . . . . . . . . . . .
Parties to the Suit:

[10] Plaintiff, Abdus-Shahid M.S. Ali: The plaintiff is serving a Life
sentence for the crime of robbery & Felony murder;sentence in 1964 un-
der the D.C. Code to 20 years to Life; He was also sentenced in 1986 to
20 years to Life and the two sentencs were ran concurrently under D.C.
Law with the other sentence. Thus when he went up for parole on Septem-
ber 14th, 2005 he was going up on both sentence.. Thus, he have about
21 years in on the 1985 crime/conviction and about 41 years in on the
1963 crime/conviction. The Plaintiff was parole in 1983(after two years
in work-training), and rearrested in 1985 for murder.

[11] Defendant, U.S.Parole Commission (herein after "commission"):The
Commission is an independant agency of the U.S. Department Of Justice.
However it acts on behalf of the District Of Columbia as a parole Board
for the D.C. Code offenders, whom are still under the old D.C.C. laws.
It dose this via., an act of congress passed in 1997 Revitallization
Act, which gives the Commission control over paroling and denying Parole
to D.C.Code offenders.   The Commissions decisions on D.C. C. Offenders
is said to be, " Decision Is Not Appealable".Only the Courts and the U.S.

Congressional Judiciary Oversight Committee.   However, the Commission
is responsible for its' actions, rules and regulations and policy that
that does harm or good to a citizen/person. It is believe that it is
also <u>suable</u> as such an agency, especially with the use of supplimental
jurisdiction.Thusly, the Commission acts under the color of D.C. Law.

[12] Defendant, Examiner-Haywood: Said defendant is an employee of the
Commission and acts on its' behalf as an examiner.   He administers the
Commission's rules, policy and regulations as they apply to D.C.C. offen-
ders. He makes the initial recommendation to grant or deny parole for
the D.C.C. Offenders. Upon information and relief his computations on
the number of months that the Plaintiff needed to go up for parole was
in error( he thought that the Plaintiff need 251 months to go up for
parole when the Plaintiff only need 240 month. The said examiner then
denied parole and computed  the short and long range hit for the said
plaintiff using 251 months..Which was an error to do.

[13] The Examiner, Haywood used a 45 year old juvinile case of robbery
to establish three crime of violance in the Plaintiff's criminal his-
tory to give the Plaintiff four-points which added up to nine(9) points
on the "B.P.S.G.R.( for here-after," Base Point Score Guideline Range".
That made the range of the hit 361 to 391 months.  Thus , the examiner
using erroneous information gave the Paintiff a five years set -off, and
then suggested that the Plaintiff had another five years hit and a two
years hit coming before he would be in the range of ever granting him
parole.

[14] The Examiner misrepresented the Plaintiff as being 16 years old
at the time of the juvinile robbery crime, when in actuality he was only
15 years old and at 15 or younger the crime can not be used against a
person to establish a three times violance record; Plus the Plaintiff
never had a lawyer or a trial in that case. He merely had a juvinile

hearing where the judge found him involed in the crime and he an another

were sentenced to the N.T.S.B.(herein-after for "National Training Sch-

ool for Boys")until their 18th birth day.

[15] The Examiner Haywood also used the age of 41 at the time of the

crime against the plaintiff, when in realality he was only 40 at the

time of the crime in 1985.

[16] The Examiner only gave the Plaintiff 12 months for superior Pro-

graming when he should have/or could have given him 80 months off the

hit range score. However, if we go back to the 1985 D.C. Board of Parole

Guidelines (which are the guidelines the Plaintiff should have been seen

under, as appose to the 2000 newly revised Commissions/DC Guidelines).

Thusly, the wrong parole guidelines were used in the Plaintiff's parole

hearing.

[17] Defendant, John Doe Commissioner: This John Doe Commissioner is and

was required to agree with the Examiner Haywood's recommendation or he

could have disagreed with it. However the John Doe Commissioner chose to

agree with all Examiner Haywood recommended.  It is apparent that this

said Commissioner never really investigated the Examiner's recommidations

before signing off in agreement. He is therefore  like wise responsible

for all the errors that made that are alleged to Examiner Haywood.

[18] Defendant, Edward F. Reilly Jr., Chairman of the U.S. Parole Commis-

sion. Upon information and belief said defendant severed as the chief

policy-making officer of the District of Columbia and the federal-U.S.

Parole Commission. He is an employee of the U.S. Department of Justice,

though the U.S.Parole Commission is an autonomous-wing of the U.S.

Department of Justice.  He served as such at all periods relevant to

this Complaint. The total part he played in the denial of the Plaintiff's

parole remain to be seen. However, he is responsible for the policy's

that regulate the Commissioners and Examiners actions and decisions.

(10)

He made the necessary changes to have the D.C. Board of Parole Guide-
lines conform to the U.S. Federal Parole Commission Guidelines. There-
fore it was because of him that the D.C. 1985 D.C. Board of Parole
Guidelines were not used in the Plaintiff Parole hearing on September
14th, 2005.

Double Counting In The D.C. and Commission's Parole Guidelines:

[19] In both the D.C. Board of Parole (which is now defunct), and the
Commission's parole guidelines double counting enhancement elements
that are and should be viewed as improper double counting, e.g., under
the Salient Factor Score(SFS-98), item "A" asks for "Prior convictions/
adjudications(adult or juvenile)" (In item "A" the Plaintiff was scored
with"1" . and for "B" item, "Prior commitments of more than thirty days
(adult or juvenile) the Plaintiff was scored "1". However both these
items are basicly asking the same question and require the same infor-
mation...and their total is accumulative. and add up to two points.

[20] Also in the Salient Factor Score item "C"- asks the " Age at
commencement of the current offense/prior commitment of more than thirty
days (adult or juvenile)"; here the plaintiff was given 3 points for
this item. Then item  "F' compounds item "C".  Thus, items "A" through
"F" are totaled and the Plaintiff ends up with 5 points which equals
"5" points (which is a denial of parole);parole can be granted with a
"0" to "3" score on theSFS

[21]  Now the Base Point Score works the same way using points from
the SFS (Plaintiff's case  "2" points are add from the SFS) at item
"I" . And at item "II" another system of double Counting is used. At
item "II", the question is asked on "II- Current or Prior Violence";
the Plaintiff is rates with "4" points.  Then at item "III"-Death of
Victim or High Level Violence (Category III points are added to points
scored in Categories "I" and "II"). For this item # "III" the Plaintiff

is given"3" points with the total being  "9" for the Base Point Score
(sum of "I", "II" and "III"). Thus taking the SFS and the BPS the Base
Point Score Guideline "Hit" Range is created. So the Defendants take
the BPSGR of "9" points equals a range of 110to 140 months. Thus they
take the low number of 110 and add it to 251(11 + 251= 361 months the
low end of the hit range. Plus now the high range  of the BPSGR is
140 + 251 = 391 Months as the high range of the hit. Thus, the Plain-
tiff is given a five years hit with the promise of another five years
hit the next time he goes up and then another two years hit before he
wil ever be ready for parole guidelines releast. The whole hit range
is erroneus  and wrong because the 251 months are figered in wrong. The
251 is suppose to represent the number of months the Plaintiff need to
have served in order to be able to go up for parole. The Plaintiff's
sentence is 20 years to Life....Thus his front number is 20years which
equals 240 months...at the time of 9/14/05 the plaintiff had served 246
months.

[22] The Commission underminded the statutory and legislative intent of
congress enabling strict parole policy barring the imposition of such
arbitrary and capricious considerations that does not do justice to a
fair parole hearing. In this case the Plaintiff is given a five years
hits on BPSGR of 361 to 391 months hit range,minus 12 months for
SUPERIOR  PROGRAMING.It is unfair to a prisoner to give him a BPSGR
that would require him to ceremoniously get a fives years hit; then come
back up for parole again and get another five years hit and then come
back again for another two years hit before he be actually able to
make parole under the said BPSGR...There has to be a better system that
is not so arbitrary and capricious! In additional consideration,the
Commission relied upon unsubstantiated information and facts to justify

its projected criminal history of crimes of violance. It misused a
45 year old case of juvenile robbery, in which the Plaintiff was not
even represented by counsel and was only 15 years old at the time.
[23] The Commission in its decision to give a five years hit failed to
give adequate or any weight to a number of mitigating factors or take
into consideration a 20 years history of no disciplinary reports or re-
habilitational effors, nor the community support for the Plaintiff.
[24] The Commission is an agency that have the U.S. Department Of Just-
ice as a parent, and that parent have publicly states that it does not
believe in rehabilitation because it does not work. The D.C. Code how-
ever, does believe in rehabilitation and it should be a part of any con-
siderational process that considers a D.C. offenders parole. The said
Commissions policy does not give consideration to rehabilitational pro-
cess per say. The closes it comes to it in reconition is superior pro-
graming.
[25] When the Plaintiff was arrested and convicted the official D.C.C.
sentence for murder-one was 20 years to Life. However, when he went
up for parole on September 14th, 2005 the official D.C.C. sentence for
murder-one is now 60 years to Life. Thus the Examiner's ( and his co-
signers), attitude and recommendations reflect the present day harsh
attitude about the Life sentence as appose to the 1985 attitude of
consideration...especially when he/commission thinks that I should have
two more parole hits coming in the future(under the ceremonial policy
of the Commission and its' policy makers.
[26] The Examiner/Commission used parole guidelines first adopted and
promulacated in 2000 to conform the D.C.Code Parole Guidelines to re-
flect federal Parole Commission standards. The said retroactive appli-
cation of these new, harsher guidelines to his guidelines case of

of 1985 violates the Constitution's Ex Post Facto and Due Process
Clauses. The Plaintiff seeks a federal declaration-order to the effect
that the U.S. Parole Commission is ordered to grant him an "immediate
re-parole hearing in accordance with the statory laws and administra-
tive rules that were in place when the crime was committed.

[27] The Commission's policy of having an Examiner make a recommenda-
tion for or against parole and then go have a second or even a third
commissioner(whom have never seen or met with the Plaintiff), co-sign
the Examiners recommendation is immproper and violate the constitution-
al due process clauses of fair play. The Plaintiff does not see these
people and is unable to argue one way or the other for his defence. So,
a fair hearing decision and a Due Process Clause issue is created by
the Commission's co-signing Commissioners policy. Even where the Super-
vising-Commissioner over rules the the Examiner's recommendation the
same conditons are created and becomes a Due Process issue because the
supervisor have not had any contact with the prisoner at all before the
co-sign or denial or granting of parole ,for or against the offender.

[28] That the Commission's official policy for D.C. offenders is that
their "Decision Is Not Appealable"; while regular federal prisoners
decision on parole are appeal via., the U.S. Attorny General's Office.
All D.C. Code offenders arte directly sentenced to the same U.S. Attorny
General. This is dicrimination and a denial of equal due process.

[29] That the Commissioner's policy of having only one Examiner hear the appli-
cation for parole is not fair and should be considered unconstitutional
because the said Examiner is required to make a parole recommendation,
and then a commissioner or supervisor agrees with him or disagrees with
him. In such a case the third person is called in where there is a dis-
agreement. There should be three persons hearing the application for the

D.C. Offender's Freedom, and he/she should have the right to the said Examiner's or Commissioners oppinion of him and cite evidence to the contrary; and the final ruling should be where two of the three are in agreement...And a Commissioner-supervisor should not have the powere to over rule the boards decision..as they do now!

[30] That the Commission/Examiner was well awear that the juvenile case used to evidence "three violent crimes of violence" was unuseable because the Plaintiff had never been tried; was without counsel at the juvenile court hearing;...or they should have know that the facts clearly indicated that said case/conviction was unconstitutional; for the deprivation of counsel; Plus, the Plaintiff was only 15 years old at the time which meant that the case could not be used against the Plaintiff any way.

THE CONSEQUENCES OF DEFENDANTS" ERRORS AND WRONGDOING

Count I: Violations of 42 U.S.C. §1983:

[31] Plaintiff repeat and reallege paragraphs 1 through 30 above as if fully stated here.

[32] The Defendants intentionally or through deliberate indifference denied Plaintiff's rights under the Fifth and Fourteenth Amendments to the Constitution.

[33] The Defendants, in their individual and official capacities acted under color of District of Columbia law and regulations in connection with the conduct alleged herein.

[34] The Defendants, acting under color of District of Columbia law and regulation, maintained and/or executed policies, practices, customs that denied Plaintiff's rights to a fair parole hearing and due process under the Fifth and fourteenth Amendments to the Constitution.

[35] The Defendants, acting under color of District of Columbia law

and regulation, denied Plaintiff a reasoable opportunity to to have a
fair and just parole hearing that could have high lighted his reha--
bilitative efforts under the D.C. Codethat staturorially mandate the
same in violation of the Fifth and Fourteenth Amendment Due Process.

[36] That Defendants. acting under color of District of Columbia law
and regulation, failed to pursue a course of neutrality toward the Plain-
tiff, giving rise to discrimination via.. not giving him the benefit
of D.C. Board of Parole Policy guidelines enforce at the time of the
crime and arrest in 1985. Thus, instead they used the newly reviseds
guidelines favored by the commission and revised in 2000; which fostered
an excessive entanglement of Plaintiff in the Ex Post Facto Law...in
violation of Due Process Clause of Fifth Amendment to the Constitution.

[37] That Defendants actions were not reasonably related to any legiti-
mate penal or custodial purpose other than to ensure that Plaintiff con-
tinue to sever more and longer time, which were not required in 1985
but is required in the 2000 revised edition of the D.C.Code, and is a
part of the U.S. Parole Commission's unwritten policy and mind-set.

[38] That Defendants, acting under color of District of Columbia law
and regulation, discriminated against Plaintiff on the basis of a fair
and impartcial hearing guaranted by the Due Process Clause of the Fifth
Amendment to the Constitution.

[39] That Defendants, conduct was the result of evil motive or intent
and involved reckless or callous disregard and indifference to the Plain-
tiff's 20 years of clear-disciplinary conduct record and program of
possive rehabilitational effort...in violation of the statutory D.C.
Code of rehabilitation for D.C.C. offenders and federally prtected rights
to the due Process clause of the Consitution.

[40] That as a direct and proximate result of said violations and
errors by the individual defendants, Plaintiff have suffered injuries

which include, but are not limited to depression and deprivation of con-
tact with family and friends, particularly with care for his 80 years
old sick father, who is just out  of the hospital and is home alone and
on a walker. Had the Plaintiff been given a fair hearing purhaps he
would be home with his Dad by now. Thus this deprivation not only hurt
the Plaintiff but his family also.

COUNT II:  VIOLATION OF 42 U.S.C.§2000cc-1(R.L.I.P.A.):

[41] That Plaintiff restate and reallege paragraphs 1 through 40 as if
fully stated here.

[42] That Plaintiff have for the last $20\frac{1}{3}$ years worked to improve and
rehabilitate himself, educate himself and practice his  faith, and have
aided and assisted thousands in and around him find their way on the
road of Life...under these harsh imprisonment years...Defendants thusly,
in their individual and official capacities, acted under color of the
District of Columbia law and regulation in connection with the violations
alleged herein.

[44] That Defendants intentionally or through deliberate indefference
substantially burdened the Plaintiff via.,using the 2000 revised D.C.
Parole Guidelines,  , rather than the 1985 or 1963 D.C. Parole Guidelines
that were enforce when the Plaintiff was arrested and charged...there
bycreating and Ex Post Facto Clause violation of the Plaintiff's rights ,
under (R.L.I.P.A.)...The new harsher D.C.Parole Guidelines application
 and the use ofa 45 years old juvenile case where the Plaintiff had no
trial or lawyer, over burdened the Plaintiff's hearing on his parole
with false information and claims unproven in stating that the Plaintiff
had been convicted of three crimes of violence, whic allowed them to
add points to both the S.F.S and the B.P.S. to deny parole., in violatin
of rights under R.L.I.P.A. and the Due Process Clause of the Constitution.

[45] That Defendants, acting under color of district of colombia law and regulation, maintained and executed plocies, practices and customs that substantially burdened Plaintiff's application and parole hearing, with gross erroreous information and miscalcuations on number of months the Plaintiff needed to go up for parole,(which was 240months. However the number the Parole Examiner cited and used was 251 months), Plus they used the 251 months to calculate the "LOW END" and"HIGH  END" of the Base Point Score Guidelines Hit Range, in violation of Plaint's rights under R.L.I.P.R., the Ex Post Facto Clause and the Due Process Clause of the Constitution.

[46] That Defendants, acting under color of District of Columbia law and regulation, denied Plaintiff a reasonable - fair Parole hearing opportunity to have hearing on factual information. These errors of the Examiner and cosigning Commissioner(s) substantially burdened the Plaintiff in violation of Plaintiff's Due Process Clause rights, Rights under the R.L.I.P.A. and the rights under the Ex Post Facto Clause of the Constitution.

[47] That Defendants, acting under color of district of Columbia law and regulation, discriminated and substantially burdened the Plaintiff's parole hearing and denial with a said "ceremonial hit",(denial of Parole), a five years hit and on record said and promised at least two more such ceremonial hits in the future, in violation of Plaintiff's rights under R.L.I.P.A. and Due Process Clause and the Ex Post Facto Clause(under the old D.C. Guidelines such hits and promes of future hits were not posible at all).

[48] That Defendants actions were not taken in furtherance of a compelling governmental interest, where a five years hit was awarded on erroreous information; and a ceremonial parole hit is unconstitutional. Thus, said actions deprived Plaintiff of his statutoray rights to a fair hearing,

under R.L.I.P.A., Due Process Clause and the Ex Post Facto Clause of the Constitution.

[49] That Defendants' actions thusly, were not taken in furtherance of any compelling governmental interest, nor were their actions the least re strictive means of furthering any compelling governmental interest!!!

[50] That as a direct and proximate result of said violations by Defendants, Plaintiff suffered and continue to suffer injuries which include, but are not limited to: depressions, deprivation of family contact with sick father whom is only resent out of the hospital and is home alone on a walker. after having fallen and broken his hip. Thusly, if not for the Defendants individual and collective errors and use of false information the Plaintiff would have been granted parole and be home taking care of his father who is 80 years old.

COUNT III: VIOLATION OF EX POST FACTO CLAUSE OF CONSTITUTIONAL ARTICLE

I, § 9 cl.(3) and §10 Cl.(1):

[51] That Plaintiff restate and reallege paragraphs 1 through 50 as if stated here.

[52] That defendants' acts and omissions with respect to proving and providing a suitablly fair and just parole hearing constituted a violation of the U.S. Constitution's Ex Post Facto Clause , Article I §9, cluase (3) and §10, cluase (1). amd the Fifth and fourteenth Amendment.

[53] That Defendants' acts and omissions with respect to use of the Commission's revised D.C. Parole Guidelines promulgate in 2000, as oppose to the less restrictive D.C.Guidelines used in 1985 at the time of the Plaintiff's arrest,violated the Ex Post Facto Clause of the Constitution.

[54] That  Defendants was totally indiffeerent to the fact that the 2000 guidelines made it much harder for the Plaintiff to make  parole under the S.F.S. and the B.P.S. parole guidelines.  The 1985 D.C. Board of Parole Guidelines droped two(2) points from the S.F.S. for Superior

programing.  While the new-2000 Guidelines only droped 12 months off the recommended hit-range. Had the 1985 D.C. Parole Guidelines been used 2 points would have been dropped off the S.F.S. of "5" points to make the Plaintiff's S.F.S. for Superior Programing a "3", under 1985 regulations parole Guidelines...However, the Commission chose to use themore harsher 2000 commission revised guidelines..,in violation of the U.S. Constitutional Ex Post Facto Clause.

[54] That Defendants' acts, actions and omissions with respect to the use of his age at the time of the crime was erroreously calculated that he was  41 years old, while Plaintiff did not tune 41 by their own record until March 26, 1985. There is a question as to Plaintiff being 40 in 1985). Thus, the Defendants were totally indifferent to using the plaintiff's age at the time of the crime..It was plaine that the crime happened on january 3rd,, 1985 and that Plaintiff's recorded D.O(.B. was said to be 3/26/44. So he would have to have been only 40 at the time of the crime. A fact totally disregarded by the said parole Examiner and Commission.

[55] That Defendants' acts and omissions with respect to the use of the juvenile crime of robbery to prove three(3) crimes of violence that justified adding four(4) points to the Plaintiff's B.P.S. was reckless, indifferent, callous to proving the Plaintiff with a fair and proper parole hearing. They did not chack the records to see that the Plaintiff did not have a trial or lawyer on the juvenile case in 1960. The judge had a hearing and found the Plaintiff and another person "involed" in the said crime and sent the Plaintiff to the National Training School for Boys until his 18th birth date...Thus , again the defendants violated the Plaintiffs rights under the Fifth and Fourteenth Amendment and the Ex Post Facto Clause and Due Process Clause of the Constitution. In actuality the Plaintiff was only 15 in 1960.

[56] That Defendants' acts and omissions with respect to double Counting on it's S.F.S. & B.P.S. constitute a violation of the Due Process Clause, and the Ex Post Facto Clause of the Constitution...and was responsible for the points adding  up to deny parole on the S.F.S. & B.P.S.

[57] That as a direct and proximate result of said violations by the Defendants individually and collectively, and caused the Plaintiff to suffer and continue to suffer injuries, depressions, which included but are not limited to, deprivations of being able to care for his sick father who is 80 years old and at home alone. Had he made parole he would now be caring for his Dad in the manner a son should.

### IN THE  Conclusion OF IV. Satement Of Claim:

[58] The Commission and its' Examiner, Mr.Haywood and the Dohn Doe Co-Signer-Commissioners , etc. are sued in their individual and official capacity under the color of D.C. law and regulations because they are acting in the place of a state by an act of congress: Subpart C- District of Columbia Code Prisoners and Parolees: § 2.70;

(a) The U.S. Parole Commission shall exercise authority over District of Columbia Code offenders pursuant to Section 11231 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Public law 105-33, 111 Stat. 712 and D.C. Code 24-209.The rules in this subpart shall govern the operation of the U.S. Parole Commission with respect to D.C. Code offenders and shall constitute the parole rules of the District of Columbia, as amended and supplemented pursuant to Section 11231(a)(1) of the Act.

(b) The Commission shall have sole authority to grant parole, and to establish the conditions of release, for all District of Columbia Code prisoners who are serving sentences for felony offenses, and who are eligible for parole by statute, including offenders who have been returned to prison upon revocation of parole or mandatory release. (D.C.Code 24-208).

The above authority shall include youth offenders who are committed to prison for treatment and rehabilitation based on felony convictions under the D.C. Code. (D.C. Code 24- 804 (a).)"

[59] Thusly, the said Defendants are all sued in their individual and official capacity under the corlor of District of Columbia law, as though they were acting as state officials etc., pursuant to 42 U.S.C. §1983 & § 2000cc-1(R.L.U.I.P.A.); Subplimental Jurisdiction 28 U.S.C. § 1367; §1331 & 1343(3)&(4); U.S.Constitutional Article I § 9,(3) & §10,(1);  and the Due Process Clause of the Fifth and Fourteenth Amend-ments to the Constitution.

[60] That the Plaintiff have not had to exhaust any administrative Remedy because there is none to exhaust. The Commission does not allow any appeal of its' decision or Notice of Actions...and there is no agency with power over the Commission other than the Congressinal Judi-cial Oversight Committee .  Thus, there is no one to appeal to about the actions of the U.S.Parole Commission , other than the Courts!!!

## V. RELIEF PRAYS:

(State briefly exactly what you want the court to do for you.  Make no legal arguments. cite no cases.)

[61] WHEREFORE, Plaintiff prays for judgment against the Defendants both individually and collectively., as follows:

(A) For Compensatory Damages in the amount of ten-Million Dollars($10, 000,000.00).

(B) For Punitive Damages in the amount of five million Dollars ($5,000, 000.00)

(C) For Finding of Declartory Judgment based on facts and evidence at trial that declare the Rights of the Plaintiff under the Ex Post Facto Clause AND THE LAW REGULATIONS AND POLICYS THAT WERE ENFORCE AT THE TIME OF THE CRIME AND SAID ARREST, in 1985.

(D) For Injunctive Relief including Court Order  against harassmental pressures, intimidation and  discriminations in new or future Parole hearing by the Commission or any of its' members.

(E) That it is also prayed That this Court in its' wisdom order a new fair and just Parole hearing for the Plaintiff, in accordance with said Courts ruling on the issues.

(F) For reasonable expenses encured in the prosecution of suit, attorney's fees and costs pursuant to 42 U.S.C. § 1988(b) ,. and

(G) For such further relief as the Court determines to be just and prper.

Respectfully Submitted,

/s/ *Abdus-Shahid M.S. Ali*

Abdus-Shahid M.S. Ali, Pro Se.,


*Pursuant To 18 U.S.C. §1746: I, Abdus-Shahid M.S. Ali, do hereby affirm under the penalth of purjury that the foregone complaint is true and is correct to the very best of knowledge and beliefs. Signed this 3rd. day of January, 2006.

/s/ *Abdus-Shahid M.S. Ali*

Abdus-Shahid M.S. Ali  , Pro Se.,
(USP-#03201-000)&(DCDC# 136-476)
P.O.Box 2068///USP-Big Sandy
Inez  ,  Kentucky  41224



CC: Files
    Counselor
    Clerk of Court

## CERTIFICATE OF SERVICE

I, Abdus-Shahid M.S. Ali, Plaintiff, hereby certify that I
have served a true and correct copy of the foregone petition on:

[A] The attorney for the Defendants at : U.S. Attorneys' Office at the
Judiciary Center, 555- 4TH Street, N.W. in the city of Washington,
D.C. 20001

_____ ;

[B] And I have mailed the original and 3 copies to the Office
of the Clerk of the Court at: United States District Court for the
District of Columbia, U.S. Courthouse; Third and Constitution
Avenue, N.W.; Washington, D.C. 20001

_____ ;

Which is deemed filed at the time it is delivered to prison mail
authorities , or placed in the  facility legal U.S. Mail box: See:
HOUSTON V LACK, 101 L. Ed 2d 245 (1988); Said sealed postage and
prepaid envelope as above addressed was deposited this 3rd day of
January _____ , 2006 . ..Affirmed pursuant to 28 U.S.C. §1746..
under the penalty of purjury.

/S/ Abdus-Shahid M.S. Ali
Abdus-Shahid M.S. Ali, Pro Se.,
(USP-03201-000)(DCDC#136-476)
Post Office Box 2068
USP-Big Sandy
Inez, Kentucky 41224-2068

CC Files copy