

"Exhibits 1-12" (Page 1 of 2)

[ PLAINTIFF'S EXHIBITS COVER PAGE AND EXPLANATION [

Exhibit-One(1): is Notice of Action from U.S.Parole Commission.

Exhibit-Two(2).Plaintiff conplaint to the commission and his re-
quest for documents under F.O.I.A.,

Exhibit-Three(3): is Commissioner's reply to Plaintiff request
for information; Ex three is of two parts(A) & (B). Part (B) was
filed-out and returned to the Commission in mid December,2005.

Exhibit-Four(4): is a missive from a fellow Inmate that I help
to get his act together in the prison stting. as a Muslim leader

Exhibit-Five(5): is a community support missive from "Cease Fire
Don't Smoke The Brothers Inc.".They bear witness to the Plain-
tiff's rehabilitation.

Exhibit-Six(6): Is a copy of the Plaintiff's U.D.C.transcript and
shows that the he was majoring in Unban Studies and his minor
was Legal Executive(para-Legal). He had received a "AA" degree
in Urban Studies and was going for hid "BA". He was only six-cre-
dits away from a BA and he was only six credits away from an AA
IN Legal-Executive(Para-legal).

Exhibit-Seven(7): This exhibit was a five level Communication
and Conflict Resolution Program in the DCDC.

Exhibit-Eight(8): represents an Award of Appreciation for the
Islamic Orientation Program Plaintiff designed and instructed
while in the USP_Atlanta, Ga. Facility.

Exhibit-Nine(9): Represents a "Progress Report" given in the
Medical Center for Federal Prisoners at Springfield , MO.. The
Plaintiff was ther on medican from Arpil 19,2004 through 4/27/05

(2)                        ( Page 2 of 2 )

Exhibit-Ten(10): This exhibit the F.B.I. "so-called" record of

the Plaintiff from his juvenile history to his adult history.

Exhibit-Eleven(11): This is the first four pages of the Subpart

C-District of Columbia Code Personers and Parole. It shows the

authorinty the U.S.Parole Commission have over the D.C. Code

offenders.

Exhibit-Twelve(12):  This is also a community support letter Prof

Allauddin Shabazz and his family of Chicago, Ill.


.................... The End of Plaintiff's Exhibits.........

USPC                    9/29/2005   9:04

PLAINTIFF - EXHIBIT # 1 (Pages 1of3)

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | |
|---|---|
| Name: ALI, Abdus-Shahid | Institution: Big Sandy USP |
| Register Number: 03201-000 | |
| DCDC No: 136-476 | Date:    September 29, 2005 |

As a result of the hearing conducted on September 14, 2005, the following action was ordered:

Deny parole. Continue for a reconsideration hearing in September 2010 after service of 60 months from your hearing date of September 14, 2005.

**REASONS:**

Your Total Guideline Range is 349-379 month(s). See the attached sheet for the components that make up your Total Guideline Range. These components are your Salient Factor Score; Base Point Score; Base Point Score Guideline Range; Months Required to Serve to Parole Eligibility Date; Disciplinary Guidelines (if applicable); and Superior Program Achievement Award (if applicable).

You have been in confinement as a result of your current offense behavior for a total of 246 months as of September 12, 2005.

After consideration of all factors and information presented, a decision outside the Total Guideline Range at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:      CSS Data Management Group
         D.C. Court Services & Offender Supervision Agency
         300 Indiana Avenue, N.W., Suite 2070
         Washington, D.C. 20001

06 0235

FILED

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff's
Exhibit # 1
Pages 2 of 3

## SALIENT FACTOR SCORE (SFS-98)

| **Your Pts** | **Salient Factor Score (SFS-98) Item Explanations** |
|---|---|

**1**   **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

**1**   **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

**3**   **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

**0**   **D** - Recent commitment free period (three years)
No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

**0**   **E** - Probation/parole/confinement/escape status violator this time
Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

**0**   **F** - Older offenders
If the offender was 41 years or more at the commencement of the current offense (and the total score from items A-E above is 9 or less) = 1; Otherwise = 0

**5**   **Salient Factor Score (SFS-98)** (sum of points for A-F above)

### BASE POINT SCORE

| **Your Pts** | **Base Point Score Category Explanations** |
|---|---|

**2**   **I** - Contribution from Salient Factor Score
10-8 (Very Good Risk) = +0; 7-6 (Good Risk) = +1; 5-4 (Fair Risk) = +2; 3-0 (Poor Risk) = +3

**4**   **II** - Current or Prior Violence
Violence in current offense and any felony violence in two or more prior offenses = +4; Violence in current offense and any felony violence in one prior offense = +3; Violence in current offense = +2; No violence in current offense and any felony violence in two or more prior offenses = +2; Possession of firearm in current offense if current offense is not scored as a crime of violence = +2; No violence in current offense and any felony violence in one prior offense = +1

**3**   **III** - Death of Victim or High Level Violence (Category III points are added to points scored in Categories I and II)
Current offense was high level or other violence with death of victim resulting = +3; Current offense involved attempted murder or violence in which death of a victim would have been a probable result = +2; Current offense was other high level violence = +1

**9**   **Base Point Score** (sum I-III above)

USPC                    9/29/2005  9:04    PAGE  3/    Fax Server

*[handwritten: Plaintiff's Exhibit #1 Pages 3 of 3]*

## DISCIPLINARY GUIDELINES

**Not Applicable**


## SUPERIOR PROGRAM ACHIEVEMENT AWARD

You have been granted a reduction of 12 month(s) from your Total Guideline Range for superior program achievement. This was granted because you have completed 125 credit hours at the University of the District of Columbia receiving your Associates Degree. Also, you completed all levels of Conflict Resolution a non-violent workshop, and you have volunteered your time to participate in the Prison Religious Program. In addition, you have consistently maintained clear conduct.

## TOTAL GUIDELINE RANGE

| | |
|---|---|
| **110—140** | Base Point Score Guideline Range |
| **251—251** | Months Required to Serve to Parole Eligibility Date |
| **0——0** | Disciplinary Guideline Range |
| **less 12—12** | Superior Program Achievement Award (if applicable) |
| **349—379** | **Total Guideline Range** |

| Base Point Score Guideline Range | | Points For SFS Item C | | | |
|---|---|---|---|---|---|
| Base Point Score | Guideline Range | Age | Prior Commitments | | |
| | | | 0-3 | 4 | 5+ |
| 3 or less | 0 months | 26 & Up | 3 | 2 | 1 |
| 4 | 12-18 months | | | | |
| 5 | 18-24 months | 22-25 | 2 | 1 | 0 |
| 6 | 36-48 months | | | | |
| 7 | 54-72 months | 20-21 | 1 | 0 | 0 |
| 8 | 72-96 months | | | | |
| 9 | 110-140 months | | | | |
| 10 | 136-172 months | 0-19 | 0 | 0 | 0 |

BISMILLAHIR-RAHMANIR-RAHIM
UMMAT-UL-ISLAMI*MASJID AN-NURULLAH
USP BIG SANDY*P.O.BOX 2068
INEZ, KENTUCKY 41224

10/29/05                                    9/27/1426

Ref: Abdus-Shahid M.S. Ali
     (USP-#03201-000)
     (DCDC# 136-476)

Mr. Michael J. Gains,
C/O Karla J. Timmons
    FOIA; Section
U.S. Parole Commission
5550 Friendship Blvd.,
    Suite 420
Chevy Chase, Maryland 20815

Plaintiff's Exhibit #"2"
(Pages 1 of 2)

Dear Karla J. Timmons;

This missive concerns my denial of parole with a five year set off after having served 21 years on a 20 yrs. to Life sentence. I fully would like to appeal my decision; I also would like to have a copy of the following items of information under the FOIA:

[1] I would like to know the name of the examiner that held my parole hearing; I would also like to have the name of the said parole commissioner that signed off in agreement with that said examiner.

[2] I would like to get any and all forms necessary that shows what info was used to give the decision,Notice Of Action.

[3] I would like to have a copy of the transcript of the hearing that was held on September 14th. 2005 in and at the USP --Big Sandy, P.O.BOX 2068; Inez, Ky 41224

[4] A faulty decision was used in determing my case. A 45 year old juvenile conviction(as a crime of violance); I never had a lawyer or a trial on the case, the judge simply found me and a nother person as involed and sentenced us to the N.T.School until our 18th birthday.



****over next page  Please***

06 0235
FILED

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

(2:)

Plaintiff Exhibit #2
(Pages 2 of 2)

[5] I was not 16 yrs old at the time of the said juvenile case conviction before a judge without a jury or lawyer...The said examiner thought I was 16 yrs old. The law is such that if you are 15 yrs old or younger the case can not be used to affirm a violent crime.

[6 the Examiner also used my age of 41 yrs old at the time of the crime; while in reasality I was only 40 years old at the time of the crime and was arrested March 12, 1985 some eleven days before I turned 41 or 40.

[7] I would like to have a copy of all correspondance received either for or against the Plaintff's Parole application.

[8] I would like to have a copy of any Psychological Reports used in my case decision.

[9] I would like to have a copy of my PSI Report for appeal of this decision.

[10] I would like to have a copy of the FBI Rap Sheet used by the examiner to make his decision.

[11] The examiner used 251 months as the official time needed to serve on my 20 yrs to Life sentence; when he should have used 240 months(20 years) to compute the range of my hit. Thus his whole computation is off and faulty, on all acounts.

[12 I would like to have a copy of my judgment and commitment order also.

There are a number of other errors that the examiner made in his decision on my application for parole.that should make my parole consideration null and void!!! May I have a reply from your office without delay/ASAP. Thank you very much.

Respectfully Yours

/s/ *Abdus-Shahid M.S. Ali*

Abdus-Shahid M.S. Ali,Plaintiff

**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

Plaintiff's Exhibit #"3"
(Pages - 1 of 1)
(A)

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

November 30, 2005

Mr. Abdus-shahid S. Ali
Reg. No. 03201-000
Big Sandy USP
P. O. Box 2068
Inez, KY 41224

**Re:     Your Disclosure Request Received November 30, 2005**

Dear Mr. Ali:

The above-referenced disclosure request is being returned for failure to include the following:

Proof of identity – either by a notary public accompanied by the appropriate seal or by a case manager's signature accompanied by the case manager's stamp for administering an oath or an unsworn declaration under penalty of perjury as found at 28 U.S.C. 1746.

Sincerely,

Tarnisha Jackson
FOIA Technician

**06 0235**

**FILED**

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

> *Plaintiffs Exhibit # "3"*
> *(Pages 1 of 1)*
> *(B)*

5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201
Telephone: (301)492-5821
Facsimile: (301)492-5525

November 30, 2005

Mr. Abdus-shahid S. Ali
Reg. No. 03201-000
Big Sandy USP
P. O. Box 2068
Inez, KY 41224

**Re:    Your Disclosure Request Received November 30, 2005**

Dear Mr. Ali:

The above-referenced disclosure request is being returned for failure to include the following:

Proof of identity – either by a notary public accompanied by the appropriate seal or by a case manager's signature accompanied by the case manager's stamp for administering an oath or an unsworn declaration under penalty of perjury as found at 28 U.S.C. 1746.

Sincerely,

*Tarnisha Jackson*

Tarnisha Jackson
FOIA Technician

TNJ

```
            THIS IS A CERTIFICATE OF IDENTIFICATION:
     E S    ,   Greene/ E.Greene
     AUTHORIZED BY THE ACT OF        12/9/05
     JULY 7, 1955, AS AMENDED,
     TO ADMINISTER OATHS      /S/ Abdus-Shahid M.S. Ali°
     18 U.S.C. 4004

This also certifies that Mr. Abdus-Shahid M.S. Ali(USP-Reg.No.03201-000),
(DCDC#136-476), is who he says he is and I am his case-worker for theB-2
cellhouse, Ms. E.S. Greene. Both Ali and I have signed above...USP-Big
Sandy///P.O.Box 2068///Inez, Kentucky 41224-2068....
```

Plaintiff's Exhibit #"4"

Monday, 18 July, 2005

Dear Sir,

     I am keying this letter in reference to a personal friend, Ali M.S. Abdus Shahid. I really would like to start by mentioning the positive influence that Bro. Ali has played in the restructioning of my life. Yes, I must admit that I have spent several years in the department of corrections. During these years I participated in just about every program available that D.O.C. has to offer. It took a gifted brother of his nature to set aside time to instruct me in the importance of establishing positive community ties, this means being an asset to family, etc..------and not falling into the recidivism trap. May, I add that the qualities and moral values that Mr. Abdus Shahid taught were identical to his personality.

     Through out the years he often shared his remorse for the crime that he had committed, especially since the lost of life that he was instrumental in facilitating, can not be replaced. The only thing left was to serve jail time, which he did as a <u>model prisoner.</u> I think it's important to mention that Mr. AbdusShahid, has served about 14 months which are not being recognize in the calculation of his sentence. At this time I would sincerely petition the parole board to give Mr. Ali M.S. Abdus Shahid your utmost consideration. If there is anyone that deserves a chance to re-enter society, surely it's Mr. Ali. In the last several years he has lost just about everyone in his immediate family. His failing health which is documented by B.O.P.'s medical records, shows that time is of an essence. Once again, please afford Mr. Ali the opportunity to spend some quality time in free society before fate takes it,s toll.

                                  Sincerely submitted,

                                    **06 0235**

                                  Nasir Abdus-Samad

FILED

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff's Exhibit
#5 (Pages 1 of 2)



# CEASE FIRE... DON'T SMOKE THE BROTHERS INC.
## 4708 14TH STREET, NW WASHINGTON, D.C. 20011
### (202) (202) 882-9882
### A NON-PROFIT ORGANIZATION
### A DRUG FREE ENVIRONMENT

BOARD OF DIRECTORS
AL MALIK FARRAKHAN
CHAIR

LORRAINE AL-MAHDI
MHS/DAPA

ANDREA BAGWELL, ESQ.
ATTY FOR CFDSTB, INC.

JOE BRADLEY, BS
PARALEGAL
CORPORATION COUNCIL

TYRONE Mac MILLAN
D.C. POLICE GANG TASK
FORCE

JEANETTE MICHAEL
DIR., D.C. LOTTERY BOARD

ROCK NEWMAN (Honorary)
ROCK NEWMAN, INC.

WIL J. PARKER, MBA
CSOSA

September 9, 2005

Mr. John R. Simpson, Commissioner
U.S. Parole Commission
5550 Friendship Blvd.
Chevy Chase, Maryland 20815

Dear Commissioner Simpson:

This letter is written on behalf of Abdus-Shahid M. S. Ali (03201-000) who is
scheduled to meet with the Parole Commission Examiner on or about September 18,
2005. Mr. Ali has corresponded with the organization, CEASE FIRE... DON'T
SMOKE THE BROTHERS, INC., through its Prisoner's Project. I am the
Founder/Executive Director of the organization and it is within that capacity that I
write.

## ORGANIZATION BACKGROUND
CEASE FIRE... DON'T SMOKE THE BROTHERS, INC., is a 501 © (3)
charitable, non-profit organization that works in the community to demonstrate, teach
and advocate violence prevention / intervention and youth (over 18) development. The
organization also facilitates a support mechanism for prisoners who are confined in
institutions throughout the United States, who have been sentenced by the court
systems of the District of Columbia (both Superior and District courts) along with
their families who are based in the District of Columbia. Upon release, the ex-
prisoners are given support in their re-acclamation process through training in the
organization's Amer-I-Can Life Management Skills Curriculum, the Entrepreneurship
Project, employment readiness and placement assistance project, community outreach,
case management and counseling services. **The mission---** The organization is
cognizant of the fact that the increased number of crimes, including homicides, is
directly related to the prevalence of youth gangs, especially within the inner city of
Washington, DC and surrounding suburban areas. We also realize that conventional
attempts to reduce the violence in our community have for the most part failed because
of the lack of collaboration and combined efforts of enforcement, intervention, and
prevention methodologies. To counter this shortcoming, CEASE FIRE... DON'T
SMOKE THE BROTHERS, INC., has adopted a carefully planned and synchronized
effort, which uses a multi-disciplinary approach to addressing crime.

06 0235

FILED

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



As mentioned the organization has established itself as a support base for prisoners and newly released ex-prisoners. During the past 10 years, the organization has corresponded with Mr. Ali and has provided support for him and his family, which is based here in the Nation's Capitol. We can proudly state that Mr. Ali has exhibited a strong growth pattern and shows great potential for a successful re-entry to society's mainstream. We understand that he has also demonstrated himself to be a model prisoner in every penal system that he has engaged. He has taken full advantage of every opportunity to grow and prepare him to make a positive start in life, once released. Specifically, Mr. Ali has received an Associates degree in Urban Studies through the Lorton District of Columbia Department of Corrections College Program in conjunction with the University of the District of Columbia. He also enrolled and neared completion (only 6-credit hours short) for two college-credit degrees, an Associates degree in Paralegal Studies and a Bachelor's degree in Urban Studies (The college program was discontinued with the closing of the prison complex). Clearly, he has shown the initiative to position himself to give back to his community. A major thrust of the organization's Prisoner's Project is to give each ex-prisoner the opportunity and support needed to give back to society and to now become assets rather than deficits to our community. The organization knows that without question, Mr. Ali has already made a positive start by his relentless and tireless efforts to make positive change. His positive attitude and accomplishments exemplify all that we look forward to having among our successful ranks in the re-entry process. And I should note that the organization has yet to fail in lending all of the support needed to positively re-structure lives of once broken and mis-guided prisoners.

As you consider the efforts and accomplishments of Mr. Abdus-Shahid Ali (while incarcerated), CEASE FIRE... DON'T SMOKE THE BROTHERS, INC., humbly requests that you will also consider the fact that (through the organization) he has an established (over 10 years), mechanism of support to continue in his effort to become a true asset to society as a whole and his community in the District of Columbia. I also ask that you consider the fact that the District of Columbia allows for and fully supports the rehabilitation of its offenders.

If granted parole, Cease Fire...Don't Smoke The Brothers, is prepared to assist Mr. Ali in his re-acclamation process by offering him full-time paid key leadership position on our staff.

In closing, I sincerely appreciate any/all attention given to this correspondence and the humble request (therein) to grant parole to Mr. Abdus-Shahid Ali. CEASE FIRE... DON'T SMOKE THE BROTHERS, INC., looks forward to his return to the District of Columbia and particularly to the opportunity to help another ex-prisoner to reach his full positive potential in this society. Should you have any further questions or concerns, please do not hesitate to call. I can be reached at (202) 882-9882.

Sincerely,

*Al Malik Farrakhan*
Al Malik Farrakhan
Founder / Executive Director

Plaintiff's Exhibit # 6 (Pages 1-3)

**STUDENT**

NAME: ABDUS, SHAHID M. S. ALI
STUDENT ID NO.: 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    D.O.B.: 03-26-1944

Official Undergraduate Academic Record

ACADEMIC TRANSCRIPT
UNIVERSITY OF THE DISTRICT OF COLUMBIA
WASHINGTON, D.C. 20008

Current Academic Program:
ARTS AND SCIENCES
UNDECLARED
Major: UNDECLARED

Degrees Awarded:
ASSOCIATE IN ARTS
PROFESSIONAL STUDIES
Major: URBAN STUDIES (A.A.)     Jul 22, 1995
Cum GPA: 2.707

Admitted Program:
UNIVERSITY COLLEGE
UNDECLARED
Major: UNDECLARED

----FALL 1988----

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| 0135-015 | ENGLISH FUNDAMENTALS | C | 3.00 | 6.00 |
| 0218-161 | LEGAL RES/WRITING I | A | 3.00 | 12.00 |
| 0537-015 | INTRODUCTORY ALGEBRA | F | (3.00) | (3.00) |
| | REPEAT (EXCLUDED FROM GPA) | | | |

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 9.00 | 6.00 | 6.00 | 18.00 | 3.000 |
| Cumulative | 9.00 | 6.00 | 6.00 | 18.00 | 3.000 |

----SPRING 1989----

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| 0135-111 | ENGLISH COMPOSITION I | A | 3.00 | 12.00 |
| 0179-105 | INTRO TO SOC SCI | B | 4.00 | 12.00 |
| 0537-015 | INTRODUCTORY ALGEBRA | D | 3.00 | 3.00 |

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 10.00 | 10.00 | 10.00 | 27.00 | 2.700 |
| Annual | 19.00 | 16.00 | 16.00 | 45.00 | 2.813 |
| Cumulative | 19.00 | 16.00 | 16.00 | 45.00 | 2.813 |

----SUMMER 1989----

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| 0135-112 | ENGLISH COMPOSITION II | C | 3.00 | 6.00 |
| 0537-101 | GENERAL COLLEGE MATH I | E | 6.00 | |

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 6.00 | 6.00 | 6.00 | 51.00 | 1.000 |
| Cumulative | 25.00 | 19.00 | 22.00 | 51.00 | 2.318 |

----FALL 1989----

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| 0135-211 | LIT & ADVANCED WRITING | | | (3.00) |
| 0537-101 | GENERAL COLLEGE MATH I | | | |

INTERNAL TRANSFER

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 6.00 | 0.00 | 0.00 | 0.00 | 0.000 |
| Cumulative | 31.00 | 19.00 | 22.00 | 51.00 | 2.318 |

----SPRING 1994----

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| 0218-277 | ADM LAW | A | 3.00 | 12.00 |
| 0537-111 | TECHNICAL MATHEMATICS I | C | 4.00 | 8.00 |

READMIT

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 7.00 | 7.00 | 7.00 | 20.00 | 2.857 |
| Annual | 7.00 | 7.00 | 7.00 | 20.00 | 2.857 |
| Cumulative | 38.00 | 26.00 | 29.00 | 71.00 | 2.448 |

----SUMMER 1994----

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| 0179-304 | URB. POL. ANAL. | A | 3.00 | 12.00 |
| 0218-278 | LAW OFFICE ADMINISTRATN | B | 3.00 | 9.00 |
| 0219-155 | ELE OF BUS STAT I | C | 3.00 | 6.00 |

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 9.00 | 9.00 | 9.00 | 27.00 | 3.000 |
| Cumulative | 47.00 | 35.00 | 38.00 | 98.00 | 2.579 |

----FALL 1994----

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| 0179-204 | INTRO TO URBAN STUDIES | A | 4.00 | 16.00 |
| 0218-181 | INTRO TO PARA-LEGAL | B | 3.00 | 9.00 |
| 0218-195 | BUS OPER AND THE LAW I | C | 3.00 | 6.00 |
| 0218-276 | DOMESTIC RELATIONS | C | 3.00 | 6.00 |
| 0415-107 | INTEGRATED SCIENCE I | C | 4.00 | 8.00 |

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 17.00 | 17.00 | 17.00 | 51.00 | 3.000 |
| Cumulative | 64.00 | 52.00 | 55.00 | 149.00 | 2.709 |

----No Further Entries This Page----

LAST KNOWN ADDRESS:
ABDUS, SHAHID M. S. ALI
4200 CONNECTICUT AVENUE NW
WASHINGTON
DC 20008

ISSUE DT: 03-07-03
CONTROL NO:

Leings Bankston
Registrar

FILED
FEB - 9 2006
NANCY MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT

06 0235

PAGE 1 OF

IT BEARS AN EMBOSSED UNIVERSITY SEAL AND THE RECORDER'S SIGNATURE THIS RECORD IS RELEASED ON THE CONDITION THAT IT WILL NOT BE RELEASED IN COMPLIANCE WITH THE REQUIREMENTS OF THE PRIVACY ACT OF 1974. THIS RECORD IS NOT TO BE GIVEN TO THE STUDENT

Plaintiff's Exhibit # 6 (Pages 2 of 3)

**NAME:** ABDUS SHAHID M. S. ALI  
**STUDENT ID NO.:** 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  
**D.O.B.:** 03-26-1944

ACADEMIC TRANSCRIPT  
UNIVERSITY OF THE DISTRICT OF COLUMBIA  
WASHINGTON, D.C. 20008

CONTROL NO.  
ISSUE DT.: 03-07-03

---SPRING 1995---

| COURSE NUMBER | TITLE | GRADE | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|---|---|
| 1415-108 | INTEGRATED SCIENCE II | C | | | | 4.00 | 8.00 |
| 2179-284 | BASIC RESEARCH METH | C | | | | 4.00 | 8.00 |
| 2179-335 | URB POL ECON DEVEL | A | | | | 4.00 | 12.00 |
| 2218-196 | BUS OPER AND THE LAW II | A | | | | 3.00 | 12.00 |
| 2218-256 | EQUAL EMPLOYMENT OPPORT | C | | | | 3.00 | 6.00 |
| Current | | | 17.00 | 17.00 | 17.00 | 43.00 | 2.529 |
| Annual | | | 43.00 | 43.00 | 43.00 | 121.00 | 2.814 |
| Cumulative | | | 81.00 | 63.00 | 72.00 | 192.00 | 2.667 |

Transferred To:  
PROFESSIONAL STUDIES  
ASSOCIATE IN ARTS  
Major: URBAN STUDIES (A.A.)

---SUMMER 1995---

| COURSE NUMBER | TITLE | GRADE | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|---|---|
| 1177-244 | THE FAMILY | B | | | | 3.00 | 9.00 |
| 1537-102 | GENERAL COLLEGE MATH II | B | | | | 3.00 | 9.00 |
| 2173-110 | INTRO SOC WELF/SOC WORK | B | | | | 4.00 | 12.00 |
| Current | | | 10.00 | 10.00 | 10.00 | 30.00 | 3.000 |
| Cumulative | | | 91.00 | 79.00 | 82.00 | 222.00 | 2.707 |

Requirements completed for ASSOCIATE IN ARTS  
---No Further Entries This Column---

Transferred To:  
UNIVERSITY COLLEGE  
UNDECLARED  
Major: UNDECLARED

---FALL 1995---

| COURSE NUMBER | TITLE | GRADE | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|---|---|
| 1169-285 | POLITICAL IDEOLOGIES | C | | | | 3.00 | 6.00 |
| 1177-111 | INTRO TO SOCIOLOGY | B | | | | 3.00 | 9.00 |
| 2131-328 | BLACK ECON DEVELOPMENT | B | | | | 3.00 | 9.00 |
| 2218-171 | LEGAL PROCESS I | A | | | | 3.00 | 12.00 |
| 2218-257 | WILLS AND TRUSTS | A | | | | 3.00 | 12.00 |
| 2219-111 | BUS LAW I | A | | | | 3.00 | 12.00 |
| Current | | | 18.00 | 18.00 | 18.00 | 57.00 | 3.167 |
| Cumulative | | | 109.00 | 97.00 | 100.00 | 279.00 | 2.790 |

---SPRING 1996---

| COURSE NUMBER | TITLE | GRADE | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|---|---|
| 2179-405 | URBAN POLICY ANALYSIS | B | | | | 3.00 | 9.00 |
| 2179-494 | SENIOR SEMINAR | B | | | | 4.00 | 8.00 |
| Current | | | 7.00 | 7.00 | 7.00 | 17.00 | 2.429 |
| Annual | | | 35.00 | 35.00 | 35.00 | 104.00 | 2.971 |
| Cumulative | | | 116.00 | 104.00 | 107.00 | 296.00 | 2.766 |

---FALL 1996---

| COURSE NUMBER | TITLE | GRADE | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|---|---|
| 1157-101 | BEGINNING SPANISH I | C | | | | 3.00 | 6.00 |
| 2179-106 | THE DISTRICT OF COLUMBIA | C | | | | 3.00 | 6.00 |
| Current | | | 6.00 | 6.00 | 6.00 | 15.00 | 2.500 |
| Cumulative | | | 122.00 | 110.00 | 113.00 | 311.00 | 2.752 |

---SPRING 1997---

| COURSE NUMBER | TITLE | GRADE | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|---|---|
| 1169-206 | INTRO TO AMERICAN GOVT | B | | | | 3.00 | 9.00 |
| Current | | | 3.00 | 3.00 | 3.00 | 9.00 | 3.000 |
| Annual | | | 9.00 | 9.00 | 9.00 | 24.00 | 2.667 |
| Cumulative | | | 125.00 | 113.00 | 116.00 | 320.00 | 2.759 |

---No Further Entries This Page---

LAST KNOWN ADDRESS:  
ABDUS SHAHID M. S. ALI  
4200 CONNECTICUT AVENUE, NW  
WASHINGTON DC 20008

PAGE 2 OF

IT BEARS AN EMBOSSED UNIVERSITY SEAL AND THE RECORDER'S SIGNATURE. THIS RECORD IS RELEASED IN COMPLIANCE WITH THE REQUIREMENTS OF THE PRIVACY ACT OF 1974. THIS RECORD IS NOT TO BE GIVEN TO THE STUDENT.

Plaintiff's Exhibit # 6 (Page 3 of 3)

**STUDENT GOVERNMENT RECORD**

NAME: ABDUS, SHAHID M. S. ALI
STUDENT ID NO.: 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   D.O.B.: 03-26-1944

ACADEMIC TRANSCRIPT
UNIVERSITY OF THE DISTRICT OF COLUMBIA
WASHINGTON, D.C. 20008

CONTROL NO.
ISSUE DT.: 03-07-03

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| | -----SPRING 1998----- | | | |
| 1135-211 | LIT & ADVANCED WRITING I | A | 3.00 | 12.00 |

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 3.00 | 3.00 | 3.00 | 12.00 | 4.000 |
| Annual | 3.00 | 3.00 | 3.00 | 12.00 | 4.000 |
| Cumulative | 128.00 | 116.00 | 119.00 | 332.00 | 2.790 |

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| | -----SUMMER 1998----- | | | |
| 1135-212 | LIT & ADV WRITING II | B | 3.00 | 9.00 |
| 2218-274 | CRIM. LAW FOR LEGAL ASST | F | (3.00) | |

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 6.00 | 3.00 | 6.00 | 9.00 | 1.500 |
| Cumulative | 134.00 | 119.00 | 125.00 | 341.00 | 2.728 |

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| | -----FALL 1998----- | | | |
| 1157-102 | BEGINNING SPANISH II | D | 3.00 | 3.00 |
| 2211-418 | COMMERCIAL LAW | C | 3.00 | 6.00 |

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 6.00 | 6.00 | 6.00 | 9.00 | 1.500 |
| Cumulative | 140.00 | 125.00 | 131.00 | 350.00 | 2.672 |

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| | -----SPRING 1999----- | | | |
| 1119-115 | PUBLIC SPEAKING | C | 3.00 | 6.00 |
| 1167-105 | INTRODUCTION TO LOGIC | F | (3.00) | |

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 6.00 | 3.00 | 6.00 | 6.00 | 1.000 |
| Annual | 18.00 | 12.00 | 18.00 | 24.00 | 1.333 |
| Cumulative | 146.00 | 128.00 | 137.00 | 356.00 | 2.599 |

-----No Further Entries This Column-----

| COURSE NUMBER | TITLE | GRADE | HOURS EARNED | QUALITY POINTS |
|---|---|---|---|---|
| | -----SPRING 2001----- | | | |

Transferred To:
ARTS AND SCIENCES
UNDECLARED
Major: UNDECLARED

| 2001-201 | PRIN OF ACCOUNTING I | W | (3.00) | |
|---|---|---|---|---|

READMIT

| | AHRS | EHRS | QHRS | QPTS | GPA |
|---|---|---|---|---|---|
| Current | 3.00 | 0.00 | 0.00 | 0.00 | 0.000 |
| Annual | 3.00 | 0.00 | 0.00 | 0.00 | 0.000 |
| Cumulative | 149.00 | 128.00 | 137.00 | 356.00 | 2.599 |

-----End of UNDERGRADUATE ACADEMIC RECORD-----

LAST KNOWN ADDRESS:
ABDUS, SHAHID M. S. ALI
4200 CONNECTICUT AVENUE, NW
WASHINGTON, DC 20008

PAGE 3 OF

# Communication and Conflict Resolution Program

## District of Columbia Department of Corrections

# CERTIFICATE

Abdus-Shahid M. S. Ali

has completed

Level I – Introductory

March 31, 2000

_____
Violence Reduction Program
Manager

_____
Violence Reduction Program
Specialist

06 0235

FILED

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK.
U.S. DISTRICT COURT

Plaintiff's Exhibit #7
(Pages 1 of 6)

# Communication and Conflict Resolution Program
## District of Columbia Department of Corrections

## CERTIFICATE

Abdus-Shahid M. S. Ali
has completed

Level II - Beginners

May 26, 2000

Violence Reduction Program
Manager

Violence Reduction Program
Specialist

Plaintiff's Exhibit #"7"
(Pages 2 of 6)



Communication and Conflict Resolution Program
District of Columbia, Department of Corrections

# CERTIFICATE

Aldus–Shahid M. S. ALI
has completed

Level III – Intermediate

July 28, 2000

Violence Reduction Program
Manager

Violence Reduction Program
Specialist

Plaintiff's Exhibit #7
(Pages 2 of 6)

# COMMUNICATION & CONFLICT RESOLUTION PROGRAM
## District of Columbia Department of Corrections

### CERTIFICATE

Abdus — Shahid M. S. Ali

Level IV—Advanced

September 22, 2000



Violence Reduction Program Manager

Violence Reduction Program Specialist

Plaintiff's Exhibit #"7"
(Pages 4 of 6)

# COMMUNICATION & CONFLICT RESOLUTION PROGRAM
## District of Columbia Department of Corrections

### CERTIFICATE

Abdus – Shahid M. S. Ali

Level V Follow-Up

November 17, 2000

_Margit Anderson_
Violence Reduction Program Manager

_Bettina Cousins_
Violence Reduction Program Specialist

Plaintiff's Exhibit "7"
(Pages 5 of 6)

# CERTIFICATE

## Workshops for Training in Nonviolence
### Alternatives to Violence Project, Inc.

A Project of the Baltimore yearly Meeting, Religious Society of Friends (Quakers)

*This is to certify that*

AMIS — SHAID M. S. ALI

*has successfully completed a Basic Level Course in Nonviolent Conflict Resolution*

Lead Facilitator

Date  10/7/00   A.V.P.

Plaintiff Exhibit #"7"
(Pages 7 of 7)



There is no god but Allah. Muhammad is the messenger of Allah.

# Award of Appreciation

## Masjid Al-Mughni - U.S.P. Atlanta

This certifies that

## Abdus-Shahid M.S. Ali

has rendered outstanding service as an instructor of the Islamic Orientation Program and is hereby awarded this certificate on this 15th day of September, 2003.

Imam M. Sabree
Islamic Chaplain U.S.P. Atlanta
and
Jammatul Al-Mughni

Plaintiff's Exhibit "8"

06  0235

FILED

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF PRISONS

*Plaintiff Exhibit #9*
*Pages 1 of 4*

P.S. 5803.06
July 1, 1996
Attachment A, Page 1

## PROGRESS REPORT

| | |
|---|---|
| <u>MCFP SPRINGFIELD, MO</u> | <u>04-08-2005</u> |
| INSTITUTION | DATE |

Inmate Reviewed:

| | | |
|---|---|---|
| *Abdus Shahid M.S. Ali* | *4-13-05* | *[signature]* |
| Inmate's Signature | Date | Staff Signature |

---

**1. Type of Progress Report:**

Initial:_____    Statutory Interim:_____    Pre-Release:_____

Transfer: ✔_____    Triennial:_____    Other (specify):_____

---

| **2. Name**<br>ALI, Abdus-Shahid | **3. Register Number**<br>03201-000 | **4. Age (DOB)**<br>61 / 03-26-1944 |
|---|---|---|

| **5. Present Security/Custody Level**   In/High |
|---|

| **6. Offense/Violator Offense**   Murder in First Degree |
|---|

| **7. Sentence**   20 years to Life, DC Code Adult Aggregate |
|---|

| **8. Sentence Began**<br><br>03-13-1985 | **9. Months Served + JCT**<br>241 months served<br>0 days Jail Credit | **10. Days GCT/EGT/SGT**<br><br>0/39/0 |
|---|---|---|

| **11. Days FSGT/WSGT/DGCT**<br>0/0/0 | **12. Projected Release**<br>Life Sentence | **13. Last USPC Action**<br>Initial 9-2005 |
|---|---|---|

| **14. Detainers/Pending Charges**<br>None Known |
|---|

| **15. Codefendants**<br>N/A |
|---|

---

Distribution:   Inmate File
                Inmate

BP-CLASS-3

**FILED** 06 0235

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

United States Department of Justice
Federal Bureau of Prisons

Plaintiff's Exhibit # 9
(Pages 2 of 4)

Progress Report
Page 2

| Inmate Name | Number | Date |
|---|---|---|
| **ALI, Abdus-Shahid** | **03201-000** | **April 8, 2005** |

## 16. Institutional Adjustment:

### A. Program Plan:
Mr. Mr. Ali was initially classified at USP Lompoc, California on October 2, 1989. At his initial classification and subsequent program reviews, he was encouraged to participate in education classes, correctional counseling, forty hour drug abuse program, vocational training, recreational and religious activities. When he was transferred to USMCFP, Springfield, he was encouraged to cooperate with medical treatment recommendations, submit a viable release plan, and complete release preparation classes.

### B. Work Assignments:
Mr. Ali was assigned to various detail assignments during his incarceration to include the following: While at USP Lompoc, he was assigned to the CMS office for a few days, construction detail for about two months, vo-tech electric am for one month. He was also assigned to the laundry for about one month. He was later assigned to the sign factory for a 2 month period and to the print plant for a two month period. During his time at USP Lompoc, he received good work evaluations. While at USP Lewisburg, Pennsylvania, Mr. Ali was assigned to food service, hospital 1 orderly, paint 1 detail, and unicor panel shop. He received good work evaluations while there also. Mr. Ali was transferred to USP Atlanta, Georgia, on August 1, 2001. He was primarily assigned to the mailbag lock/lace detail while at USP Atlanta. He held that detail position from about October 19, 2001 until September 17, 2002. He briefly held positions in mailbag heat seal detail, and in the pm dining room. He received good work evaluations during that period. On December 9, 2003 he was transferred to Big Sandy, Texas, where he worked as the C3 unit orderly for one day prior to being medically unassigned. He transferred to USMCFP, Springfield, Missouri on April 19, 2004, where he has remained medically unassigned.

### C. Educational/Vocational Participation:
Mr. Ali has taken the following classes during this incarceration: Exploratory micro electronics, adult basic education, Language arts, basic electronics and law library orientation.

### D. Counseling Programs:
Mr. has not participated in any formal counseling programs to date. However, at MCFP Springfield, he bas been involved with routine nursing/medication counseling, dietary and nutritional counseling, and religious services are available as needed. In addition, he has received correctional counseling as needed that is inherent in the correctional setting.

### E. Incident Reports:
None

### F. Institutional Movement:
Mr. Ali was initially designated to USP Lompoc, California on October 2, 1989. He was transferred to USP Lewisburg, Pennsylvania on June 10, 1991. He was later designated to USP Atlanta, Georgia on August 1, 2001, and Big Sandy, Texas, on December 3, 2003. He was transferred to USMCFP, Springfield, Missouri on April 19, 2004 and there has been no further movement.

United States Department of Justice
Federal Bureau of Prisons

Plaintiff's Exhib #"9"
(Pages 3 of 4)

Progress Report
Page 3

| Inmate Name | Number | Date |
|---|---|---|
| **ALI, Abdus-Shahid** | **03201-000** | **April 8, 2005** |

#### G. Physical and Mental Health:

Mr. Ali was transferred to MCFP Springfield, Missouri, for evaluation and medical treatment of peripheral vascular disease and stasis dermatitis. He has a previous history of lower extremity ulceration, right leg pain, hypertension, and diabetes. He currently suffers from Type-II diabetes mellitus, degenerative osteoarthritis of both knees, has had knee surgery, hypertension, and endogenous obesity. His condition can be managed with ordinary medical treatment. He ambulates about the institution slowly and as tolerated. He is able to provide his own self care. His physical activity and work duty status will be determined by his treating physician at the receiving facility. He requires a 2000 calorie ADA diet with a 2 gram low sodium restriction He should be seen on a monthly basis for the first three months upon return to his parent facility. He requires no special appliances other than a rolling walker, which he presently uses.

#### H. Progress on Financial Responsibility Plan:

He does not have any Court-ordered financial obligations.

### 17. RELEASE PLANNING:

Mr. Ali is not referred for CCC placement due to his sentence length. He has a life sentence, with a parole hearing date of August, 2005. It is expected that Mr. Ali will reside in the Washington DC area upon his release. It is further expected that a staff social worker will be in contact with Mr. Ali closer to his release date to review his needs at that time. He will be reviewed by a representative from the local Social Security Office to determine his eligibility for benefits. He will be encouraged to complete the Institution Release Preparation Program prior to release.

**A.  Residence:**    Clarkey Long Father
715 Faraday Place, NE
Washington, DC 20017
(202) 832-5005

**B.  Employment:**    None, should be eligible for Social Security upon release.

**C.  USPO:**    Mr. Richard Houck, Chief
U.S. Probation Office
District of Columbia
2800 E. Barrett Prettyman
United States Courthouse
333 Constitution Avenue, N.W.
Washington, D.C. 20001-2802
(202) 565-1300

Sharon Barnes-Durbin, Supervisory
Community Supervision Assistant
300 Indiana Avenue, NW, Room 2149
Washington, DC 20001

United States Department of Justice
Federal Bureau of Prisons

Plaintiff's Exhib #9
(Pages 4 of 4)

Progress Report
Page 4

| Inmate Name | Number | Date |
|---|---|---|
| **ALI, Abdus-Shahid** | **03201-000** | **April 8, 2005** |

**D. Release Preparation Program:**

As of this date he has completed none of the six topic areas.  He will be encouraged to complete these classes prior to release.

**Offender is subject to notification under Public Law 103-322, Violent Crime Control Act and Law Enforcement Act of 1994.**

_____    **1. Conviction for Drug Trafficking Crime.**
__XX__   **2. Current Conviction for a Crime of Violence.**
_____    **3. Past Conviction for a Crime of Violence.**
_____    **4. Not Applicable.**

Dictated By:                                      Reviewed By:


_____                _____
Kristen G. Frost, Case Manager           Leslie Heilman, Unit Manager
Medical Unit                             Medical Unit

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

Plaintiff's Exhibit # "10"
(Pages 1 of 5)

F. B. I.

Records Of Juvenile & Adult
Charges & Crimes Charged
Against, Ali, Abdusshahid M.S.

06 0235

GA060017C
RECORDS OFFICE
US PENITENTIARY
601 MCDONNOUGH BLVD SE
ATLANTA, GA 30315-4423

FILED

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff's Ex. #"10"
(P. 2 of 5)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306


BECAUSE ADDITIONS OR DELETIONS MAY BE MADE AT ANY TIME, A NEW COPY
SHOULD BE REQUESTED WHEN NEEDED FOR SUBSEQUENT USE.
- FBI IDENTIFICATION RECORD -

WHEN EXPLANATION OF A CHARGE OR DISPOSITION IS NEEDED, COMMUNICATE
DIRECTLY WITH THE AGENCY THAT FURNISHED THE DATA TO THE FBI.

NAME                              FBI NO.          DATE REQUESTED
LONG,JAMES CASKEY                 616657D          2001/11/26

SEX  RACE  BIRTH DATE  HEIGHT  WEIGHT  EYES  HAIR  BIRTH PLACE
M    U     1944/03/26  000     000     XXX   XXX   SOUTH CAROLINA

FINGERPRINT CLASS  PATTERN CLASS
13 08 07 11 03     RS RS RS RS RS LS RS LS LS LS
13 TT 11 09 11                 AU    LS
                                     AU

1-ARRESTED OR RECEIVED 1960/05/19
    AGENCY-POLICE DEPARTMENT WASHINGTON (DCMPD0000)
        AGENCY CASE-176728
        CHARGE 1-A ON POLICE OFFICER

2-ARRESTED OR RECEIVED 1960/09/23
    AGENCY-BUR OF PRISON-HDQTRS WASHINGTON (DC001017C)
        AGENCY CASE-19568N
        CHARGE 1-D ROB FORCE & VIOLENCE

    COURT-
        CHARGE-D ROB FORCE & VIOLENCE
        SENTENCE-
        1 YR 6 MOS 3 DAS UNTIL 18TH BIRTHDAY


END OF PART 1 - PART 2 TO FOLLOW

Plaintiff's Ex # 10"
(P. 3 of 5)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

     

PART 2

- FBI IDENTIFICATION RECORD - FBI NO-616657D

3-ARRESTED OR RECEIVED 1961/06/28
    AGENCY-FED CORR INST PETERSBURG (VA027027C)
        AGENCY CASE-28613LEE
        CHARGE 1-DC JUV
        CHARGE 2-ROBBERY BY FORCE
        CHARGE 3-VIOLENCE

    COURT-
        CHARGE-DC JUV
        SENTENCE-
        / UNABLE TO ASSOCIATE DISPOSITION WITH CHARGE
        CHARGE-ROBBERY BY FORCE
        SENTENCE-
        / UNABLE TO ASSOCIATE DISPOSITION WITH CHARGE
        CHARGE-VIOLENCE
        SENTENCE-
        EXP PT-DC JUV 3-25-62 / UNABLE TO ASSOCIATE DISPOSITION WITH CHARGE

4-ARRESTED OR RECEIVED 1962/06/14
    AGENCY-DOC-DC JAIL WASHINGTON (DC001041C)
        AGENCY CASE-136476 NAME USED-LONG,JAMES GASKY
        CHARGE 1-ASLT

5-ARRESTED OR RECEIVED 1962/08/20
    AGENCY-DOC-DC JAIL WASHINGTON (DC001041C)
        AGENCY CASE-136476 NAME USED-LONG,JAMES GASKY
        CHARGE 1-ADW

6-ARRESTED OR RECEIVED 1962/09/29
    AGENCY-DOC-DC JAIL WASHINGTON (DC001041C)
        AGENCY CASE-136476 NAME USED-LONG,JAMES C
        CHARGE 1-POSS OF A PROHIBITED WEAPON

7-ARRESTED OR RECEIVED 1962/12/19
    AGENCY-DOC-DC JAIL WASHINGTON (DC001041C)
        AGENCY CASE-136476 NAME USED-LONG,JAMES C
        CHARGE 1-HOUSEBREAKING

8-ARRESTED OR RECEIVED 1963/09/01
    AGENCY-POLICE DEPARTMENT WASHINGTON (DCMPD0000)
        AGENCY CASE-176728
        CHARGE 1-HOMICIDE
        CHARGE 2-SHOOTING

END OF PART 2 - PART 3 TO FOLLOW



Plaintiff's Ex. # "10"
(P. 4 of 5)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306



PART 3

- FBI IDENTIFICATION RECORD - FBI NO-616657D

9-ARRESTED OR RECEIVED 1963/09/02
    AGENCY-DOC-DC JAIL WASHINGTON (DC001041C)
        AGENCY CASE-136476 NAME USED-LONG,JAMES
        CHARGE 1-1ST DEG MURDER

10-ARRESTED OR RECEIVED 1964/12/23
    AGENCY-US PENITENTIARY LEWISBURG (PA060017C)
        AGENCY CASE-31336NE NAME USED-LONG,JAMES C
        CHARGE 1-1ST DEG MURDER & ROB

    COURT-
        CHARGE-1ST DEG MURDER & ROB
        SENTENCE-
        LIFE

11-ARRESTED OR RECEIVED 1968/05/17
    AGENCY-US PENITENTIARY LEAVENWORTH (KS052017C)
        AGENCY CASE-84675L NAME USED-LONG,JAMES C
        CHARGE 1-1ST DEG MURDER & ROB-DC PRISONER

    COURT-
        CHARGE-1ST DEG MURDER & ROB-DC PRISONER
        SENTENCE-
        TRANS FROM LEWISBURG LIFE

12-ARRESTED OR RECEIVED 1985/03/13
    AGENCY-US ATTORNEY WASHINGTON (DC001017A)
        AGENCY CASE-176728
        CHARGE 1-MURDER II WHILE ARMED

    COURT-
        CHARGE-MURDER I WHILE ARMED
        SENTENCE-
        3-11-86 FG BY JURY 4-22-86 SENT TO 20 YR TO LIFE

13-ARRESTED OR RECEIVED 1989/10/02S (DATE FP)
    AGENCY-US PENITENTIARY LOMPOC (CA042017C)
        AGENCY CASE-03201000 NAME USED-ALI,ABDUS-SHAHID
        CHARGE 1-MURDER II W/A

    COURT-
        CHARGE-MURDER II W/A
        SENTENCE-
        20 YRS TO LIFE

END OF PART 3 - PART 4 TO FOLLOW

Plaintiff's Ex. #0104
(P. 5 of 5)

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
CRIMINAL JUSTICE INFORMATION SERVICES DIVISION
CLARKSBURG, WV  26306

  

THE FOLLOWING FBI IDENTIFICATION RECORD FOR 616657D IS FURNISHED FOR
OFFICIAL USE ONLY.

DESCRIPTORS ON FILE ARE AS FOLLOWS:

NAME LONG,JAMES CASKEY

| SEX | RACE | BIRTH DATE | HEIGHT | WEIGHT | EYES | HAIR |
|-----|------|-----------|--------|--------|------|------|
| MALE | UNKNOWN | 1944/03/26 | UNK | UNK | UNK | UNK |

BIRTH CITY       BIRTH PLACE
UNREPORTED)      SOUTH CAROLINA

PATTERN CLASS
RS RS RS RS RS LS RS LS LS LS
         AU    LS
                AU

| OTHER BIRTH DATES | SCARS-MARKS-TATTOOS | SOCIAL SECURITY | MISC NUMBERS |
|-------------------|---------------------|-----------------|--------------|
| 1945/03/27 | NONE | NONE | NONE |

ALIAS NAME(S)
ALI,ABDUS-SHAHID              LONG,JAMES
LONG,JAMES C                 LONG,JAMES GASKY
LONG,JOMES C

END OF COVER SHEET

[PLAINTIFF'S EXHIBIT#11[
[ Pages  1 of  ........]

## SUBPART C - DISTRICT OF COLUMBIA CODE PRISONERS AND PAROLEES

■ **§ 2.70   AUTHORITY AND FUNCTIONS OF THE U.S. PAROLE COMMISSION WITH RESPECT TO DISTRICT OF COLUMBIA CODE OFFENDERS.**

(a) The U.S. Parole Commission shall exercise authority over District of Columbia Code offenders pursuant to Section 11231 of the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law 105-33, 111 Stat. 712, and D.C. Code 24-209.  The rules in this subpart shall govern the operation of the U.S. Parole Commission with respect to D.C. Code offenders and shall constitute the parole rules of the District of Columbia, as amended and supplemented pursuant to Section 11231(a)(1) of the Act.

(b) The Commission shall have sole authority to grant parole, and to establish the conditions of release, for all District of Columbia Code prisoners who are serving sentences for felony offenses, and who are eligible for parole by statute, including offenders who have been returned to prison upon the revocation of parole or mandatory release. (D.C. Code 24-208).  The above authority shall include youth offenders who are committed to prison for treatment and rehabilitation based on felony convictions under the D.C. Code. (D.C. Code 24-804(a).)

(c) The Commission shall have authority to recommend to the Superior Court of the District of Columbia a reduction in the minimum sentence of a District of Columbia Code prisoner, if the Commission deems such recommendation to be appropriate. (D.C. Code 24-201(c).)

(d) The Commission shall have authority to grant parole to a prisoner who is found to be geriatric, permanently incapacitated, or terminally ill, notwithstanding the minimum term imposed by the sentencing court. (D.C. Code 24-263 through 267.)

(e) The Commission shall have authority over all District of Columbia Code felony offenders who have been released to parole or mandatory release supervision, including the authority to return such offenders to prison upon an order of revocation. (D.C. Code 24-206.)  For purposes of this subpart, any reference to a "Supervision Officer" shall include both a Community Supervision Officer and a U.S. Probation Officer in the case of a releasee who is under supervision outside of the District of Columbia.

*Notes and Procedures*

■ 2.70-01. *Applicability of This Subpart.*

This subpart applies only to D.C. Code offenses committed before August 5, 2000.  D.C. Code offenses committed on or after August 5, 2000 carry determinate sentences without eligibility for discretionary release on parole.

This procedures in this subpart are written in anticipation of the transfer of D.C. Code offenders to the custody of the Federal Bureau of Prisons.  During the interim period in which offenders are still in the custody of the D.C. Department of Corrections, a references in a procedure to the Bureau of Prisons should be read as also applicable to the D.C. Department of Corrections where necessary to carry out the purpose of the procedure.

■ **§ 2.71   APPLICATION FOR PAROLE.**

(a) A prisoner (including a committed youth offender) desiring to apply for parole shall execute an application form as prescribed by the Commission.  Such forms shall be available at each institution and shall be provided to a prisoner who is eligible for parole consideration.  The Commission may then conduct an initial hearing or grant an effective date of parole on the record.  A prisoner who receives an initial hearing need not apply for subsequent hearings.

(b) To the extent practicable, the initial hearing for an eligible adult prisoner who has applied for parole shall be held at least 180 days prior to such prisoner's date of eligibility for parole.  The initial hearing for a committed youth offender shall be scheduled during the first 120 days after admission to the institution that is responsible for developing his rehabilitative program.

(c) A prisoner may knowingly and intelligently waive any parole consideration on a form provided for that purpose. A prisoner who declines either to apply for or waive parole consideration shall be deemed to have waived parole consideration.

06 0235

(d) A prisoner who waives parole consideration may later apply for parole and be heard during the next visit of the Commission to the institution at which the prisoner is confined, provided that the prisoner has applied for parole at least 60 days prior to the first day of the month in which such visit of the Commission occurs. In no event, however, shall such prisoner be heard at an earlier date than that set forth in paragraph (b) of this section.

FILED

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

[Plaintiff's Ex.# "11"]
[Pages 2 of 4.....]

## § 2.72 HEARING PROCEDURE.

(a) Each eligible prisoner for whom an initial hearing has been scheduled shall appear in person before an examiner of the Commission. The examiner shall review with the prisoner the guidelines at § 2.80, and shall discuss with the prisoner such information as the examiner deems relevant, including the prisoner's offense behavior, criminal history, institutional record, health status, release plans, and community support. If the examiner determines that the available file material is not adequate for this purpose the examiner may order the hearing to be postponed to the next docket so that the missing information can be requested.

(b) Parole hearings may be held in District of Columbia facilities (including District of Columbia contract facilities) and federal facilities (including federal contract facilities).

(c) A prisoner appearing for a parole hearing in a federal facility (including federal contract facilities) may have a representative pursuant to § 2.13(b). A prisoner appearing for a parole hearing in any other facility shall not be accompanied by counsel or any other person (except a staff member of the facility), except in such facilities as the Commission may designate as suitable for the appearance of representatives.

(d) Prehearing disclosure of file material pursuant to § 2.55 will be available to prisoners and their representatives only in the case of prisoners confined in federal facilities (including federal contract facilities).

(e) A victim of a crime, or a representative of the immediate family of a victim if the victim has died, shall have the right:

(1) To be present at the parole hearings of each offender who committed the crime, and

(2) To testify and/or offer a written or recorded statement as to whether or not parole should be granted, including information and reasons in support of such statement. A written statement may be submitted at the hearing or provided separately. The prisoner may be excluded from the hearing room during the appearance of a victim or representative who gives testimony. In lieu of appearing at a parole hearing, a victim or representative may request permission to appear before an examiner (or other staff member), who shall record and summarize the victim's or representative's testimony. Whenever new and significant information is provided under this rule, the hearing examiner will summarize the information at the parole hearing and will give the prisoner an opportunity to respond. Such summary shall be consistent with a reasonable request for confidentiality by the victim or representative.

(f) Attorneys, family members, relatives, friends of the prisoner, or other interested persons desiring to submit information pertinent to any prisoner, may do so at any time, but such information must be received by the Commission at least 30 days prior to a scheduled hearing in order to be considered at that hearing. Such persons may also request permission to appear at the offices of the Commission to speak to a Commission staff member, provided such request is received at least 30 days prior to the scheduled hearing. The purpose of this office visit will be to supplement the Commission's record with pertinent factual information concerning the prisoner, which shall be placed in the record for consideration at the hearing. An office visit at a time other than set forth in this paragraph may be authorized only if the Commission finds good cause based upon a written request setting forth the nature of the information to be discussed. See § 2.22.

(g) A full and complete recording of every parole hearing shall be retained by the Commission. Upon a request pursuant to § 2.56, the Commission shall make available to any eligible prisoner such record as the Commission has retained of the hearing.

(h) Because parole decisions must be reached through a record-based hearing and voting process, no contacts shall be permitted between any person attempting to influence the Commission's decision-making process, and the examiners and Commissioners of the Commission, except as expressly provided in this subpart.

*Notes and Procedures*

2.72-01. *Reference to Rule in Subpart A.*

A reference to a rule (or a part thereof) in Subpart A (U.S. Code Prisoners and Parolees) includes any Notes and Procedures accompanying the referenced rule (or part thereof) unless clearly inapplicable in the context of a D.C. Code offender.

## § 2.73 PAROLE SUITABILITY CRITERIA.

(a) In accordance with D.C. Code 24-204(a), the Commission shall be authorized to release a prisoner on parole in its discretion after the prisoner has served the minimum term of the sentence imposed, if the following criteria are met:

(1) The prisoner has substantially observed the rules of the institution;

179

(3) In the opinion of the Commission, the prisoner's release is not incompatible with the welfare of society.

(b) It is the policy of the Commission with respect to District of Columbia Code offenders that the *minimum term* imposed by the sentencing court presumptively satisfies the need for punishment for the crime of which the prisoner has been convicted, and that the responsibility of the Commission is to account for the degree and the seriousness of the risk that the release of the prisoner would entail. This responsibility is carried out by reference to the Salient Factor Score and the Point Assignment Table at § 2.80. However, there may be exceptional cases in which the gravity of the offense is sufficient to warrant an upward departure from § 2.80 and denial of parole.

## ■ § 2.74 DECISION OF THE COMMISSION.

(a) Following each initial or subsequent hearing, the Commission shall render a decision granting or denying parole, and shall provide the prisoner with a notice of action that includes an explanation of the reasons for the decision. The decision shall ordinarily be issued within 21 days of the hearing, excluding weekends and holidays.

(b) Whenever a decision is rendered within the applicable guideline established in this subpart, it will be deemed a sufficient explanation of the Commission's decision for the notice of action to set forth how the guideline was calculated. If the decision is a departure from the guidelines, the notice of action shall include the reasons for such departure.

(c) Relevant issues of fact shall be resolved by the Commission in accordance with § 2.19(c). All final parole decisions (granting, denying, or revoking parole) shall be based on the concurrence of two Commissioner votes, except that three Commissioner votes shall be required if the decision differs from the decision recommended by the examiner panel by more than six months. A final decision releasing a parolee from active supervision shall also be based on the concurrence of two Commissioner votes. All other decisions may be based on a single Commissioner vote, except as expressly provided in these rules.

*Notes and Procedures*

■ 2.74-01. *Reference to Rule in Subpart A.*

A reference to a rule (or a part thereof) in Subpart A (U.S. Code Prisoners and Parolees) includes any Notes and Procedures accompanying the referenced rule (or part thereof) unless clearly inapplicable in the context of a D.C. Code offender.

## ■ § 2.75 INITIAL AND RECONSIDERATION PROCEEDINGS.

(a) (1) *Prisoners subject to guidelines at § 2.80.* In the case of a prisoner subject to the guidelines at § 2.80, the Commission may, following an initial or subsequent hearing:

(i) Set an effective parole date within nine months of the date of the hearing;

(ii) Set a presumptive parole date at least ten months but not more than three years from the date of the hearing;

(iii) *Continue the prisoner to the expiration of sentence if the prisoner's mandatory release date is within three years of the date of the hearing;* or

(iv) Schedule a reconsideration hearing at three years from the month of the hearing. *Exception*: If the prisoner's current offense behavior resulted in the death of a victim and the prisoner is more than three years below the minimum of the applicable guideline range at the time of the hearing, the Commission may, in its discretion, schedule a reconsideration hearing at a later date that does not exceed the minimum of the applicable guideline range and is not more than five years from the month of the last hearing.

(2) *Prisoners subject to guidelines at the Appendix to § 2.80.*

(i) In the case of a prisoner subject to the guidelines at the Appendix to § 2.80, if the Commission denies parole, it shall establish an appropriate reconsideration date in accordance with the provisions of the Appendix to § 2.80. If the prisoner's mandatory release date will occur before the reconsideration date deemed appropriate by the Commission pursuant to the Appendix to § 2.80, the Commission may order that the prisoner be released by the expiration of his sentence less good time ("continue to expiration").

(ii) The first reconsideration date shall be calculated from the prisoner's eligibility date, except that in the case of a youth offender or any prisoner who has waived the initial hearing, the first reconsideration date shall be calculated from the date the initial hearing is held. In all cases, any subsequent reconsideration date shall be calculated from the date of the last hearing. In the case of a waiver or substantial delay in holding the initial hearing, the Commission may conduct a combined initial hearing and such rehearings *nunc pro tunc* as would otherwise have been held during the delay.

(iii) Notwithstanding the provisions of paragraph (a)(2)(i) of this section, the Commission shall not set a reconsideration date in excess of five years from the date of the prisoner's last hearing, nor shall the Commission continue a prisoner

[ Plaintiff's Ex.#"11"
[   Pages  4 of 4...]

to the expiration of his or her sentence, if more than five years remains from the date of the last hearing until the prisoner's scheduled mandatory release.

(b) When a rehearing is scheduled, the prisoner shall be given a rehearing during the month specified by the Commission, or on the docket of hearings immediately preceding that month if no docket of hearings is scheduled for the month specified.

(c) At a reconsideration hearing, the Commission may take any action that it could take at an initial hearing.   The scheduling of a reconsideration hearing does not imply that parole will be granted at such hearing.

(d) Prior to a parole reconsideration hearing, the Commission shall review the prisoner's record, including an institutional progress report which shall be submitted 60 days prior to the hearing. Based on its review of the record, the Commission may grant an effective date of parole without conducting the scheduled in-person hearing.

(e) Notwithstanding a previously established reconsideration hearing, the Commission may reopen any case for a special reconsideration hearing, as provided in § 2.28, upon the receipt of new and significant information concerning the prisoner.

*Notes and Procedures*

▌ 2.75-01. *Reference to Rule in Subpart A.*

A reference to a rule (or a part thereof) in Subpart A (U.S. Code Prisoners and Parolees) includes any Notes and Procedures accompanying the referenced rule (or part thereof) unless clearly inapplicable in the context of a D.C. Code offender.

## § 2.76 REDUCTION IN MINIMUM SENTENCE.

(a) A prisoner who has served three or more years of the minimum term of his or her sentence may request the Commission to file an application with the sentencing court for a reduction in the minimum term pursuant to D.C. Code 24-201c. The prisoner's request to the Commission shall be in writing and shall state the reasons that the prisoner believes such request should be granted. The Commission shall require the submission of a special progress report before approving such a request.

(b) Approval of a prisoner's request under this section shall require the concurrence of a majority of the Commissioners holding office.

(c) Pursuant to D.C. Code 24-201c, the Commission may file an application to the sentencing court for a reduction of a prisoner's minimum term if the Commission finds that:

(1) The prisoner has completed three years of the minimum term imposed by the court;

(2) The prisoner has shown, by report of the responsible prison authorities, an outstanding response to the rehabilitative program(s) of the institution;

(3) The prisoner has fully observed the rules of each institution in which the prisoner has been confined;

(4) The prisoner appears to be an acceptable risk for parole based on both the prisoner's pre-and post- incarceration record; and

(5) Service of the minimum term imposed by the court does not appear necessary to achieve appropriate punishment and deterrence.

(d) If the Commission approves a prisoner's request under this section, an application for a reduction in the prisoner's minimum term shall be forwarded to the U.S. Attorney for the District of Columbia for filing with the sentencing court. If the U.S. Attorney objects to the Commission's recommendation, the U.S. Attorney shall provide the government's objections in writing for consideration by the Commission.  If, after consideration of the material submitted, the Commission declines to reconsider its previous decision, the U.S. Attorney shall file the application with the sentencing court.

(e) If a prisoner's request under this section is denied by the Commission, there shall be a waiting period of two years before the Commission will again consider the prisoner's request, absent exceptional circumstances.

Plaintiff's Exhibit # "12"
(Pages 1 of 3)

Dr. Allauddin Shabazz
8419 South Wabash Avenue
Chicago, Ill. 60648

August 20, 2005

United States Parole Commission
ATTENTION: Edward F. Reilly, CEO,
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

IN SUPPORT OF: ABDUS-SHAHID M. S. ALI'S APPLICATION FOR PAROLE
ON HIS D.C. CONVICTIONS: ATTENTION: U.S. PAROLE COMMISSIONERS:

This humble missive concern the application for parole
of inmate Abdus-Shahid M.S. Ali, a District of Columbia Code
offender serving a 20 years to Life sentence and a 20years old
P/V (Parole Violation in 1985): (the petitioner is being forced
to serve an extra 435 days jail time because they say he was
serving his back-up while he was in the D.C. Jail awaiting said
trial and sentencing on the 1985 new charge...where a man was
killed over arguement about money owed to the Petitioner.)

Your Petitioner, Mr. A.S.M.S. Ali is now 61 years old
and having been incarcerated most of his life, we that have come
to know him find him very intelligent, educated, (he has an AA
Degree in Urbin Studies and was only six-credits away from a
B.A.Degree in Urbin Studies when the Lorton-DCDC College-Program
was clossed down because of the clossing of the DCDC-Lorton, Va.
Facilities. Plus the Petitioner wasonly 6
credits away from a Legal-Executive-
A.A.-Degree(Para-Legal))
Your Applicant, Mr.A.S.M.S.Ali
have for the last 20 years been
model inmate in all the many

(Turn To Next Page)

06 0235    FILED

FEB - 9 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff's Ex.# "12"
(P. 2 of 3)                    (2)

institutions and facilities he's been forced to serve this sen-
tence in over the last twenty years. All that time his discipli-
nary record has been spotless.

I have had the pleasure of meeting, working with and/or
corresponding with the Brother over the years and he has been a
beacon of insperation to me and my family over time.

It is my humble request to this Honorable U.S. Parole
Commission to grant Brother A.S.M.S. Ali all Parole considera-
tions. He was 61 yrs. old as of March 26th, 2005; He is diebetic
and has high-blood pressure; Plus, the Plaintiff suffers from a
form of rheumatoid arthritis which is eating away the cartilage
in both his knees . The surgery is so dangerous that Mr. Ali has
decided not to have it. Mr. Ali have tried to take advantage of
all the institutional educational programs and feels that when
he is free he would like to conplete his B.A. degree. He also
would like to work for his self doing vending work. He have a
number of vending friends that wants to take him under their
vending operation to teach him the business.

Mr. Ali has been on parole once in his life time and that
was twenty years ago. He is much older now and have an 90 years
old father( his mother died of diabetic-complications-which
caused her brain death)whom is home alone. He wants to be able
to care for him in his old age with no family around.

Looking back over the time I have know Mr. Ali, I can so
attest to his noble standard of character and human spirit.
That's not to say that he is
some kind of saint for I'm
sure he is not. But I would
put my money on him not ever
being a source of trouble for
his self or the comunity.

(next page Please)

Plaintiff's Ex. # "12"
( Pages 3 of 3 )                    (3)

        We find that the District of Columbia,(unlike the federal
law ) allows for rehabilitation of its offenders; where as the
federal statutory writters of federal laws have taken the posi-
tion that rehabilitation does not work. Thusly, it is hoped that
the federal parole Commissioners can devorce their selves from
the federal conceptions to give fair and just consideration to
the D.C. Code's statutory concerns about rehabilitation. If it
does we are sure that after twenty years of suffering Mr. Ali
will be justly given these last few years of his life in the
free world.

        We know that soceities views toward what is an appropri-
ate term of punishment or rehabilitative incarceration is will
very as their are many views. Some just and some not so just at
its' base of belief. I mention this as everyone will write to
try and have their family members released as soon as possible.
So today my request for leniency and the granting of parole for
Mr. Abdus-Shahid Mu'Man Shabazz Ali is in no way pre-mature as
twenty complete calender years have expired since his arrest and
conviction. Plus, you are not giving him 435 days jail time,so
he will as of April 22, 2006 have  served 21 years and two months

        Mr. Ali's mother died in 1992. She lay in the hospital
for three months in a comma. Mr. Ali and his family requested a
a hospital bedside visit the Federal Bureau of Prison officials
at USP-Lewisburg, Pa refused the request and said in the same
memo "Bedside visit is denied and should she died a wake visit
is also denied." Thusly, Mr. Ali have never even been able to
properly say goodby to his Mother at her pasting. Grant him that.
I thank you for all considerations given to this man.

                                    Respecfully Yours,



                                    /s/  Dr. Allauddin Shabbazz