RECEIVED
MAR 8 - 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Abdus--Shahid M.S. Ali,           )
[USP-Reg.No.03201-000 ]           )
[  DCDC No, 136-476    ]          )
P.O.Box 2068/USP-Big Sandy        )    Civil Action No. 06-0235
Inez, Kentucky 41224              )
          Plaintiff,              )    Judge: Lamberth
                                  )          U.S. District Court Judge
     -V-                          )
                                  )    Calendar:
U.S. Parole Commission, et al.,   )
          Defendants'             )    Track
                                  )

---

MOTION FOR THE APPOINTMENT OF COUNSEL FROM THE COURT"S PRO-BONO PANEL

---

Comes now the Petitioner in the above cited cause of action and moves this court for the appointment of counsel from the court Pro Bono Panel. The Plaintiff believe that because of the nature of this case and the stakes at hand and the possiblity that it may be a class action case because of the treatment of D.C.Code offenders at the hands of the U.S. Parole Commission.

[1] The Plaintiff thusly, while proceeding under IFP status do hereby request this court to appoint counsel to represent him for the set out herein.

[2] That the Plaintiff is unable to afford counsel.

[3] That the constitutional and stautorial issues involvedin this cause of action are complex and need the skilles of a trained attorney.

[4] That the Plaintiff have a limited knowledge of the lawand is untrained in the parole issues area of the law

[That the Plaintiff have been given a five years hit on parole after having served 21 years on a 20 to Life sentence. He was informed by the parole Examiner that his hit was ceremonial and that before he would be within the area of time served he would have to get another five years hit and then a two years hit after that; and that his big-

gest problem would be just getting a Parole Commission to sign off on him being reparoled.

[5] That the complex case contain issues of the use of a 45 year old juvenile case to confirm three crimes of violence and he had no lawyer or trial in the juvenile case.

[6] That there are questions of age at the time of the crime and it is complicated by the F.B.I. having two dates of the plaintiff's birth, and all this will require an investigation into records. Plus the case will require discovery of documents and depositions of a number of witnesses.

[7] That testimoney will be in sharp conflict, since the P_lainff alleges he was born in 1945 and the government will allege that he wa born in 1944..what is at stake is that if he was 15 at the time of the alleged juvenile crime they can not use the case to establish three crimes of violence which allows they to give plaintiff four extra points on his "base-point score". The dynamic of the case also will involve the research of the ex-post facto laws of the constitution.

[8] That as set forth in the above stated, these facts, along with the legal merits of the plaintiff's claims, plus the fact that the Parole Commission have not been sue under the 1983 Civil Rights Laws before, support the appointment of counsel to represent Plaintiff.

WHEREFORE, the Plaintiff's motion for the appointment of said counsel should be granted.

The above stated is affirmed by the undersigned, under the penalty of perjury pursuant to 28 U.S.C. §1746...this 5th day of March, 2006.

Respectfully Submitted,

/s/ *Abdus-Shahid M.S. Ali*
Abdus-Shahid M.S. Ali, pro se.,
[USP-03201-000] [DCDC#136-476]

CC:Files

CERTIFICATE OF SERVICE

I, <u>Plaintiff, Abdus-Shahid ALi,</u> hereby certify that I have served a true and correct copy of the foregoing _____ on the below:

[a.] One-Original and three copies to the Clerk of the Court at the United States District Court-U.S. Courthouse at Third and Constitution Avenue, N.W. in Washington, D.C. 20001.

[b.] That one copy is served on the U.S. Attorneys Office at 555-4th Stree, N.W...at Washington, D.C. 20001

Which is deemed filed at the time it was delivered to prison authorites for forwarding, SEE: <u>HOUSTON -V- LACK</u>, 101 L.Ed.2d 245(1988) Upon the defendant/ defendant and his attorney/ attorney of record, by placeing and/or the same in the United States Maile Box at the Facility provided for legal mail/Court Mail...on this <u>5th</u> day of <u>March</u> 2006,

The above stated is affirmed by the undersigned under and pursuant to 28 U.S.C. § 1746., Under the penalty of perjury.

/S/ *Abdus-Shahid M.S. Ali*
Abdus-Shahid M.S. Ali, pro se.
[USP-No.03201-000][DCDC#136-476]
P.O.Box 2068///USP-Big Sandy
Inez, Kentucky 41224

CC:Files
Counsel for Defendants