UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUS-SHAHID M.S. ALI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0235 (RCL) |
| ) | |
| U.S. PAROLE COMMISSION, et. al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MOTION TO DISMISS

Defendants U.S. Parole Commission ("USPC") and Edward F. Reilly, Chairman of the U.S. Parole Commission, and Robert Haworth, Hearing Examiner, in their official capacities, respectfully move the Court, pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), to dismiss this action against them.[1]  In support of this motion, Defendant relies on the accompanying memorandum of points and authorities.  A proposed order consistent with this motion is attached.

Plaintiff is pro se.  He is informed that failure to respond to this motion may result in the District Court granting the motion and dismissing the case.  See Fox v. Strickland, 837 F.2d 507,

---

[1] Plaintiff indicates that he also is seeking to sue the named members of the USPC in their individual capacities.  (See Complaint "Compl." at ¶ 33, 58-59, 61).  In such a case, proper service of process is fundamental to the Court's exercise of jurisdiction over the individual defendants.  See Murphy Brothers, Inc. v. Michetti Pipe Stringing, 526 U.S. 344, 350 (1999).  Plaintiff's mailing of a summons to the USPC headquarters in Chevy Chase, Maryland, fails to comply with the individual service requirements set forth in the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 4(e).  Thus, the named officials in their individual capacities are not proper parties to this suit.  Moreover, any service of process would be futile, because this Court can exert no jurisdiction over Mr. Reilly or Mr. Haworth as neither reside or work in the District of Columbia. (Declaration of Douglas Thiessen "Theissen Decl." at ¶ 6-7).  Plaintiff has also named a "John Doe" commissioner.  Undersigned cannot represent unknown individuals.

509 (D.C. Cir. 1988).

        Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_____
KATHLEEN KONOPKA, DC Bar #495257
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ABDUS-SHAHID M.S. ALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0235 (RCL) |
| | ) | |
| U.S. PAROLE COMMISSION, et. al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF MOTION TO DISMISS**

Defendants respectfully submit this memorandum of points and authorities in support of their Motion to Dismiss. Dismissal is appropriate in this case because Plaintiff's claim is cognizable exclusively through a writ of habeas corpus in the judicial district in which Plaintiff is incarcerated. Additionally, the doctrine of sovereign immunity precludes this Court from exercising jurisdiction over the United States Parole Commission ("USPC") or its members in their official capacities under 42 U.S.C. § 1983.[1] Finally, venue does not lie in the District of

---

[1] Plaintiff has failed to properly serve the USPC members in their individual capacities. In any case, every court that has considered the issue, including this one, has held that parole officials are entitled to absolute immunity from liability for actions taken when granting, denying, or revoking parole. See Merki v. Baer, 1990 WL 113890 at *2 (D.D.C. 1990) (every circuit that has considered the question has granted absolute immunity for actions taken by parole boards in deciding whether to grant or deny parole); Pate v. United States, 277 F.Supp.2d 1, 10-11 (parole officials entitled to absolute immunity); Johnson v. Rhode Island Parole Board Members, 815 F.2d 5, 8 (1st Cir. 1987); Scotto v. Almenas, 143 F.3d 105, 111 (2nd Cir. 1998); Farrish v. Mississippi State Parole Board, 836 F.2d 969, 973 (5th Cir. 1988); Walrath v. United States, 35 F.3d 277, 281 (7th Cir. 1994); Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.), cert. denied, 454 U.S. 1102 (1981). See also Cleavinger v. Saxner, 474 U.S. 193, 200 (1985) (noting that federal appellate courts have held that parole officials enjoy absolute immunity). Therefore, Plaintiff's 42 U.S.C. § 1983 claim against the USPC members in their individual capacities cannot be maintained.

Columbia.

Plaintiff is a federal inmate who, at all times relevant to the complaint, was in the custody of the Federal Bureau of Prisons ("BOP") housed at the Big Sandy United States Penitentiary located in Inez, Kentucky. (Complaint "Compl." at 5 ¶ 2). He initiated this action pursuant to 42 U.S.C. § 1983, alleging that USPC's denial of parole violated Plaintiff's rights to due process and under the Ex Post Facto Clause. (Compl. at 4, 5 ¶ 1, 14 ¶ 34, 18 ¶ 53).[2]

According to Plaintiff, USPC Hearing Examiner Robert Haworth, who presided over Plaintiff's parole hearing, miscalculated his parole eligibility date and considered allegedly inaccurate information regarding Plaintiff's prior convictions to deny Plaintiff parole. (Compl. at 8-9 ¶ 12-15). Plaintiff also alleges that the hearing examiner "failed to given adequate weight to a number of mitigating factors or take into consideration a 20 years (sic) history of no disciplinary reports or rehabilitation efforts, nor the community support for the Plaintiff." (Id. at 12 ¶ 23). Additionally, Plaintiff contends that "the wrong parole guidelines were used in the Plaintiff's parole hearing," because he should have been subject to the 1985 D.C. Board of Parole Guidelines rather than the 2000 USPC guidelines. (Id. at 9 ¶ 16). Plaintiff claims that "if not for

---

[2] Plaintiff's complaint also claims a cause of action pursuant the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), 42 U.S.C. § 2000cc-1. (Compl. at ¶ 41-50). This statute provides that, "'[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution,' unless the burden furthers 'a compelling government interest,' and does so by 'the least restrictive means.'" Cutter v. Wilkinson, 125 S.Ct. 2113, 2116 (2005) (citing 42 U.S.C. § 2000cc-1(a)(1)-(2)). Plaintiff, however, makes no claim that his practice of any religion has been burdened, substantially or otherwise, while he has been incarcerated. (See Compl. at ¶ 41-50). Rather, Plaintiff alleges that Defendants "burdened the Plaintiff via.., (sic) using the 2000 revised D.C. Parole Guidelines, rather than the 1985 or 1963 D.C. Parole Guidelines," and that the use of these guidelines "burdened the Plaintiff's hearing on his parole." (Id. at ¶ 44). Any "burden" on Plaintiff's parole hearing does not logically implicate any religious practice, and Plaintiff has asserted no such connection. Thus, RLUIPA is inapplicable to Plaintiff's claims.

2

the Defendants individual and collective errors and use of false information the Plaintiff would have been granted parole and be home taking care of his father who is 80 years old." (Id. at 18 ¶ 50). Plaintiff seeks 15 million dollars in compensatory and punitive damages and a new parole hearing. (Id. at 21-22 ¶ 61).

This Circuit has "made clear that [a writ of] habeas [corpus] is the exclusive remedy for a federal prisoner bringing any claim that would have a 'probabilistic impact' upon the duration of his custody." Bourke v. Hawk-Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001) (quoting Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir. 2000) ("habeas is indeed exclusive even when a non-habeas claim would have a merely probabilistic impact on the duration of custody")). Plaintiff's claim clearly fits within this category of cases: Plaintiff's demand for a new parole hearing in which different information is considered and more lenient standards are utilized clearly has a "probabilistic impact" on the duration of his custody where he contends that, but for USPC's reliance on the challenged criteria, "the Plaintiff would have been granted parole and be home taking care of his father who is 80 years old." (Compl. at ¶ 50).

Indeed, Plaintiff's claim is indistinguishable from others that the Court has determined must be brought in habeas. See Forrester v. United States Parole Commission, 310 F.Supp.2d 162, 169-170 (D.D.C. 2004) (plaintiff's claim that Commission used inaccurate information and improper standard in denying him parole and seeking a new parole hearing deemed to have a "probabilistic impact" on plaintiff's confinement and thus must be raised in a habeas petition). See also Razzoli, 230 F.3d at 376 (plaintiff's claim that his parole eligibility date was miscalculated based on inaccurate information must be brought in habeas); Chatman-bey v. Thornburgh, 864 F.2d 804, 808-810 (D.C. Cir. 1988) (habeas is exclusive remedy for federal

prisoner alleging miscalculation of parole elgibility date). Thus, Plaintiff's claim is not cognizable under 42 U.S.C. § 1983.

In any case, neither the USPC nor its members in their official capacities may be sued under 42 U.S.C. § 1983. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475 (1994). It is well settled that the defense of sovereign immunity likewise applies to a suit against federal officials in their official capacities. See Monell v. Department of Social Services of New York, 436 U.S. 658, 690 n.55 (1978). Congressional consent to suit in this Court, a waiver of the government's traditional immunity, must be explicit and strictly construed. Library of Congress v. Shaw, 478 U.S. 310, 318 (1986). Absent clear congressional consent to entertain a claim against the United States, the District Court lacks authority to grant relief. United States v. Testan, 424 U.S. 392, 399 (1976). "Sovereign immunity is jurisdictional in nature." Meyer, supra, 510 U.S. at 475. This Circuit has explicitly held that no clear waiver exists that would make USPC or its members in their official capacities subject to liability under § 1983. Settles v. United States Parole Commission, 429 F.3d 1098, 1105 (D.C. Cir. 2005).[3] Thus, Plaintiff's claim must be dismissed.

---

[3] It should be noted that 42 U.S.C. § 1983 is typically inapplicable to the federal government and its employees. This is the case because the statute permits suit only against a "person" acting "under color" of state law. See Settles, 429 F.3d at 1103-1104 (§ 1983 does not apply to federal officials acting under color of federal law). Courts have held that a federal agency is not a "person" subject to § 1983 liability. See Hindes v. FDIC, 137 F.3d 148, 158 (3rd Cir. 1998); Hoffman v. U.S. Dep't of Housing and Urban Dev., 519 F.2d 1160, 1165 (5th Cir. 1975). See also Al Favad v. CIA, 229 F.3d 272, 274 (D.C. Cir. 2000) (Supreme Court has repeatedly held that "person" "does not include a sovereign government absent affirmative evidence of such an inclusory intent"); Settles, 429 F.3d at 1107 (although finding that Commission had waived argument that it was not a "person," noting that weight of authority indicated that it was not). However, this Circuit has held that USPC members in their individual capacities are acting "under color" of state law where they act pursuant to the D.C. Revitalization Act. Fletcher v. District of Columbia, 370 F.3d 1223, 1227 (D.C. Cir.), reversed in part on other

Finally, Plaintiff has filed his claim in the wrong court. Were Plaintiff to seek habeas relief, he must do so in the judicial district where he is incarcerated. See <u>Stokes v. United States Parole Commission</u>, 374 F.3d 1235, 1238-1239 (D.C. Cir. 2004) (District Court in DC cannot entertain habeas petition of plaintiff housed in Ohio). Thus, because Plaintiff is incarcerated in the Eastern District of Kentucky, this Court could not entertain Plaintiff's claim even if it had been properly brought as a petition for a writ of habeas corpus.

Additionally, even if Plaintiff's claims were cognizable as currently set forth, he must bring his suit in (1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). All named defendants in this action reside in the District of Maryland. (Declaration of Douglas Thiessen "Thiessen Decl." at ¶ 4, 6-7). Moreover, Plaintiff received his challenged parole hearing at his place of incarceration in the Eastern District of Kentucky and all decision-making regarding Plaintiff's parole took place at the USPC office in the District of Maryland. Thus, no defendants reside and no events or omissions giving rise to the claim occurred within the District of Columbia. Thus, venue cannot be maintained in this judicial district.

---

<u>grounds</u>, 391 F.3d 250 (D.C. Cir. 2004).

## CONCLUSION

For the forgoing reasons, Defendants respectfully requests that this Court enter an order dismissing the instant case.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney


_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney


_____
KATHLEEN KONOPKA, DC Bar #495257
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Motion To Dismiss, Memorandum of Points and Authorities in support, Declaration of Douglas Thiessen and Proposed Order has been made by mailing copies thereof to:

ABDUS-SHAHID M.S. ALI
R 03201-000
Big Sandy United States Penitentiary
P.O. Box 2068
Inez, Kentucky 41224

on this ____ day of May, 2006.

                                                         _____
                                                         KATHLEEN KONOPKA
                                                         Assistant United States Attorney
                                                         Judiciary Center Building
                                                         555 4th Street, N.W.; Room E4412
                                                         Washington, D.C.  20001
                                                         (202) 616-5309