UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUS-SHAHID M.S. ALI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-0235 (RCL) |
| ) | |
| U.S. PAROLE COMMISSION, et. al., ) | |
| ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**REPLY IN FURTHER SUPPORT OF MOTION TO DISMISS**

Defendants respectfully submit this reply to Plaintiff's opposition and in further support of Defendants' motion to dismiss. In support of this reply, Defendants rely on the following points and authorities.

Plaintiff has sued the United States Parole Commission ("USPC"), its Chairman, Edward F. Reilly, and one of its Hearing Examiners, Robert Haworth, pursuant to 42 U.S.C. § 1983, following their denial of Plaintiff's application for parole. (Complaint "Compl." at 8-9).[1] Plaintiff seeks to sue Mr. Reilly and Mr. Haworth in both their official and individual capacities. (See e.g. Compl. at ¶ 33). He seeks a new parole hearing and monetary damages, specifically claiming that "if not for the Defendants individual and collective errors and use of false information the Plaintiff would have been granted parole and be home taking care of his father who is 80 years old." (Id. at ¶ 50).

---

[1] Plaintiff asserts in his Opposition that he has also initiated this suit pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. (Opposition "Opp." at 7). These jurisdictional statutes, however, do not provide independent causes of action permitting the Court's review of Executive Branch decisions. See e.g., 28 U.S.C. § 1343(a) ("The district court shall have original jurisdiction of any civil action authorized by law . . .") (emphasis added).

It is well established that Plaintiff's claim is cognizable only through a writ of habeas corpus in the judicial district where he is incarcerated.  See Bourke v. Hawk-Sawyer, 269 F.3d 1072, 1074 (D.C. Cir. 2001) (quoting Razzoli v. Federal Bureau of Prisons, 230 F.3d 371, 373 (D.C. Cir. 2000) ("[a writ of] habeas [corpus] is the exclusive remedy for a federal prisoner bringing any claim that would have a 'probabilistic impact' upon the duration of his custody").  See also Forrester v. United States Parole Commission, 310 F.Supp.2d 162, 169-170 (D.D.C. 2004) (plaintiff's claim that Commission used inaccurate information and improper standard in denying him parole and seeking a new parole hearing deemed to have a "probabilistic impact" on plaintiff's confinement and thus must be raised in a habeas petition); Razzoli, 230 F.3d at 376 (plaintiff's claim that his parole eligibility date was miscalculated based on inaccurate information must be brought in habeas); Chatman-bey v. Thornburgh, 864 F.2d 804, 808-810 (D.C. Cir. 1988) (habeas is exclusive remedy for federal prisoner alleging miscalculation of parole elgibility date); Stokes v. United States Parole Commission, 374 F.3d 1235, 1237-38 (D.C. Cir. 2004) (proper defendant in prisoner's challenge of parole decisions is the warden of the facility where he is incarcerated).

Plaintiff's reliance, (R.17 at 3-4), on Wilkinson v. Dotson, 544 U.S. 74 (2005), is misplaced.[2]  This case held that state prisoners need not rely exclusively on habeas to challenge parole procedures.  Id. at 82.  See also Fletcher v. District of Columbia, 370 F.3d 1223 (D.C. Cir. 2004) (prisoner in custody of D.C. Department of Corrections at Lorton Correctional Facility, as distinguished from a federal prisoner, need not challenge parole decisions through habeas

---

[2] An "R." followed by a number describes a document by reference to its placement in the Court's docket.

corpus), vacated on other grounds, 391 F.3d 250 (D.C. Cir. 2004) . The distinction between state and federal prisoners was squarely confronted by this Circuit in Razzoli, supra, where the Court reiterated and sustained its previous holding that habeas corpus is a federal prisoner's exclusive remedy for parole-related decisions, even though the claim has "a merely probabilistic impact on the duration of custody." Razzoli, 230 F.3d at 375-76.

     Contrary to Plaintiff's assertion, (R.17 at 7), and unlike the prisoners in Wilkinson and other similarly-decided cases, Plaintiff is a federal prisoner. At all times relevant to the Complaint, and at present, Plaintiff has been in the custody of the Warden at the Big Sandy United States Penitentiary located in Inez, Kentucky. (Compl. at 5 ¶ 2). The fact that Plaintiff is a D.C. Code offender does not alter the fact that he is in federal custody or his status as a federal prisoner. Moreover, the rationale articulated for the distinction between state and federal prisoners is equally applicable to Plaintiff as it is to Federal Code violators. See Razzoli, 230 F.3d at 376 (a major implication of habeas exclusivity in cases involving federal prisoners is its impact on venue). See also Chatman-bey, 864 F.2d at 811 (for purposes of challenging a Parole Commission action on a sentence a prisoner is serving in a federal penal facility, the warden of that facility is the prisoner's custodian) (citing Guerra v. Meese, 786 F.2d 414. 416 (D.C. Cir. 1986)).

     In any case, even if Plaintiff's claim were cognizable under § 1983, the named defendants are immune from suit. This Circuit has already held that the USPC, and thus, its members in their official capacities, see Monell v. Department of Social Services of New York, 436 U.S. 658, 690 n.55 (1978), are not subject to suit under 42 U.S.C. § 1983. Settles v. United States Parole Commission, 429 F.3d 1098, 1105 (D.C. Cir. 2005) ("We find no clear statement

[constituting a waiver of sovereign immunity] that would make the Commission itself subject to liability under § 1983).

Additionally, the members of the USPC in their individual capacities enjoy absolute immunity from liability for actions taken when granting, denying, or revoking parole. See Merki v. Baer, 1990 WL 113890 at *2 (D.D.C. 1990) (every circuit that has considered the question has granted absolute immunity for actions taken by parole boards in deciding whether to grant or deny parole); Pate v. United States, 277 F.Supp.2d 1, 10-11 (parole officials entitled to absolute immunity); Johnson v. Rhode Island Parole Board Members, 815 F.2d 5, 8 (1st Cir. 1987); Scotto v. Almenas, 143 F.3d 105, 111 (2nd Cir. 1998); Farrish v. Mississippi State Parole Board, 836 F.2d 969, 973 (5th Cir. 1988); Walrath v. United States, 35 F.3d 277, 281 (7th Cir. 1994); Sellars v. Procunier, 641 F.2d 1295, 1302 (9th Cir.), cert. denied, 454 U.S. 1102 (1981). See also Cleavinger v. Saxner, 474 U.S. 193, 200 (1985) (noting that federal appellate courts have held that parole officials enjoy absolute immunity).[3]

In sum, Plaintiff's claim is not cognizable under § 1983, because his exclusive remedy is

---

[3] Plaintiff spends much of his Opposition attempting to establish that, were the individual members of the USPC to be properly served, the Court would be able to exercise personal jurisdiction over them pursuant to the District of Columbia's "long-arm statute." D.C. Code § 13-423. While the Court's ability to exercise jurisdiction over these individuals is immaterial to this suit in light of their immunity, Plaintiff has failed to establish the requisite minimum contacts with the District of Columbia to provide this Court with jurisdiction. Specifically, Plaintiff's claim arises from a parole hearing held at his institution of incarceration in the Eastern District of Kentucky (R.12 Declaration of Douglas Thiessen at ¶ 5), and he claims to have been harmed by decisions made by USPC officials at that location or at their principal office in the District of Maryland. (Id.). Plaintiff does not reside in the District, and thus, suffered no injury here. Thus, there is absolutely no evidence that the USPC's decision challenged in this suit or any effects of that decision touched the District of Columbia in any way such that personal jurisdiction of a non-resident individual could be sustained. See Risley v. Hawk, 918 F.Supp. 18, 23 (D.D.C. 1996).

through a writ of habeas corpus. Moreover, even were the Court able to entertain his claim, Plaintiff has failed to establish the Court's jurisdiction over the USPC members in their individual capacities, and all the named defendants are immune from suit. Thus, Plaintiff's claim must be dismissed with leave for Plaintiff to file a petition for a writ of habeas corpus in the judicial district of his incarceration. Venue for such action clearly does not lie in the District of Columbia. See Stokes v. United States Parole Commission, 374 F.3d 1235, 1239 (D.C. Cir. 2004) (D.C. district court had no jurisdiction to hear habeas petition of D.C. Code offender who was incarcerated in the Northern District of Ohio).

## CONCLUSION

For the forgoing reasons, Defendants respectfully request that this Court enter an order dismissing the instant case.

                                              Respectfully submitted,

                                              _____
KENNETH L. WAINSTEIN, DC Bar #451058
United States Attorney

                                              _____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

                                              _____
KATHLEEN KONOPKA, DC Bar #495257
Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that service of the foregoing Reply in Further Support of Motion

To Dismiss has been made by mailing copies thereof to:

ABDUS-SHAHID M.S. ALI
R 03201-000
Big Sandy United States Penitentiary
P.O. Box 2068
Inez, Kentucky 41224

on this ____ day of June, 2006.

 

                                                              _____
                                                              KATHLEEN KONOPKA
                                                               Assistant United States Attorney
                                                               Judiciary Center Building
                                                               555 4th Street, N.W.; Room E4412
                                                               Washington, D.C.  20001
                                                               (202) 616-5309