UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| ABDUS-SHAHID M.S. ALI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0235 (RCL) |
| | ) | |
| U.S. PAROLE COMMISSION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on defendants' motion to dismiss and plaintiff's motion for class certification. The Court will grant the former and deny the latter.

I. BACKGROUND

Plaintiff is a District of Columbia Code offender who currently is incarcerated at the United States Penitentiary in Inez, Kentucky. Compl. ¶ 2.[1] He brings this civil rights action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Fed. Narcotics Officers*, 403 U.S. 388 (1971), against the United States Parole Commission ("Parole Commission"), its Chairman, one unidentified Parole Commissioner, and the hearing examiner who conducted plaintiff's September 14, 2005 parole hearing. *Id.* at 2 (Parties). Generally, plaintiff challenges the Parole Commission's decision to deny parole and to continue the matter for reconsideration after service of another 60 months' imprisonment. *Id.*, Ex. 1 (September 29, 2005 Notice of Action). He demands declaratory and injunctive relief and monetary damages. *Id.* ¶ 61.

---

[1] Plaintiff's "Statement of Claim" is presented in sequentially numbered paragraphs beginning on page 5 of the Complaint.

1

## II. DISCUSSION

Contrary to defendants' assertions, plaintiff's exclusive avenue for relief is not through a petition for a writ of habeas corpus. Here, plaintiff alleges constitutional violations with respect to the fairness of his parole hearing, the accuracy of information on which the parole decision was made, the conduct of the hearing examiner, the guidelines applied to his case, the date on which he is eligible for parole reconsideration, and the lack of an opportunity for an appeal. He neither "seek[s] invalidity of his conviction, nor does the requested injunction [] operate to get immediate or speedier release into the community." Plaintiff's Oppositional Points and Authorities to the Defendants' Motion to Dismiss Complaint ("Pl.'s Opp'n") ¶ 7. Plaintiff's success on the merits of at least some of his claims would not "'necessarily imply,' or automatically result in, a speedier release from prison," *Anyanwutaku v. Moore*, 151 F.3d 1053, 1056 (D.C. Cir. 1988), and on those claims he may proceed under § 1983. *See Fletcher v. District of Columbia*, 370 F.3d 1223, 1227 (D.C. Cir.) ("*Fletcher I*"), *vacated on other grounds*, 391 F.3d 250 (D.C. Cir. 2004).

### A. Sovereign Immunity Bars Claims Against Parole Commission

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). A waiver of the United States' sovereign immunity must be unequivocal, and cannot be implied. *See Lane v. Peña*, 518 U.S. 187, 192 (1996); *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33-34 (1992). There is no clear waiver that renders the Parole Commission subject to liability under § 1983. *Settles v. United States Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005). "Despite its role in administering parole for D.C. Code offenders, the

retains the immunity it is due as an arm of the federal sovereign." *Id.* at 1106. Accordingly, plaintiff's § 1983 claims against the Parole Commission are barred.

Although sovereign immunity bars § 1983 claims against the Parole Commission, "members of the [] Parole Commission are amenable to suit under § 1983 for actions taken pursuant to [the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub.L. No. 105-33, 111 Stat. 712]." *Fletcher I*, 370 F.3d at 1227; *Settles*, 429 F.3d at 1104 (noting that holding in *Fletcher I*, "that a cause of action under § 1983 will lie against the individual members of the Commission when acting pursuant to the Revitalization Act," remains binding precedent). However, government officials sued in their official capacities are not personally liable for damages. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996). A suit for damages under §1983 against government employees in their official capacities is the equivalent of an action against the government entity itself, *Kentucky v. Graham*, 473 U.S. at 166, and "a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity" for relief.[2] *Id.* Sovereign immunity thus bars plaintiff's § 1983 claims for monetary damages against defendants Reilly and Haworth in their official capacities.

---

[2] However, plaintiff's claims for injunctive relief against defendants Reilly and Haworth may survive. A "state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989) (quoting *Kentucky v. Graham*, 473 U.S. at 167).

### B. Plaintiff Does Not Establish the Court's Personal Jurisdiction Over Defendants Reilly and Haworth[3]

A District of Columbia court may exercise personal jurisdiction over a person who is "domiciled in, organized under the laws of, or maintaining [a] principal place of business in, the District of Columbia as to any claim for relief." D.C. Code § 13-422. Defendants Reilly and Haworth do not live, reside, or maintain a place of employment in the District of Columbia. Memorandum of Points and Authorities in Support of Motion to Dismiss ("Defs.' Mot."), Thiessen Decl. ¶¶ 6-7. The Parole Commission's central office is located in Chevy Chase, Maryland. *Id.* ¶ 4.

The Court engages in a two-part inquiry in order to determine whether it may exercise personal jurisdiction over a non-resident defendant. First, the Court must determine whether jurisdiction may be exercised under the District's long-arm statute. *GTE New Media Serv., Inc. v. Bell South Corp.*, 199 F.3d 1343, 1347 (D.C. Cir. 2000). Second, the Court must determine whether the exercise of personal jurisdiction satisfies due process requirements. *Id.* (citing *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995)).

Under the District's long-arm statute, a District of Columbia court may exercise personal jurisdiction over a non-resident defendant who either (1) transacts any business in the District, (2) causes tortious injury in the District by an act or omission in the District, or (3) causes tortious injury in the District "by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives

---

[3] It does not appear that service of process on defendants Reilly and Haworth in their individual capacities was proper. Even if service were proper, the Court concludes that it lacks subject matter jurisdiction over these defendants for the reasons stated herein.

substantial revenue from goods used or consumed, or services rendered, in the District of Columbia."[4]  D.C. Code § 13-423(a) (2001).  Plaintiff bears the burden of establishing that personal jurisdiction under the long-arm statute exists "by demonstrating a factual basis for the exercise of such jurisdiction over the defendant." *Novak-Canzeri v. Saud*, 864 F.Supp. 203, 205 (D.D.C. 1993) (citing *First Chicago Int'l v. United Exchange Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988)).  Plaintiff does not meet his burden.

Plaintiff does not allege that these defendants transact any personal business in the District of Columbia.  Although persistent conduct undertaken in a person's individual capacity may constitute the transaction of business for purposes of the long-arm statute, *see Pollack v. Meese*, 737 F.Supp. 663, 666 (D.D.C. 1990), the complaint sets forth no allegations that these defendants have any personal connection with the District of Columbia.  The mere fact that these defendants are members or employees of the Parole Commission whose actions involve or affect District of Columbia offenders does not render them subject to suit in their individual capacities in the District of Columbia.  *See Stafford v. Briggs*, 444 U.S. 527, 543-45 (1980) (absent minimum contacts other than those arising from federal employment, court may not exercise personal jurisdiction over federal official in his individual capacity); *Ali v. District of Columbia*, 278 F.3d 1, 7 (D.C. Cir. 2002) (dismissing District of Columbia offender's claims arising from events occurring in Virginia against Virginia officials in their individual capacities over whom district court lacked personal jurisdiction).

---

[4]   The District's long-arm statute sets forth alternative bases for long-arm jurisdiction.  *See* D.C. Code § 13-423(a).  None of these alternatives is relevant in this case.

Finally, the complaint alleges no facts to establish that plaintiff suffered any injury in the District of Columbia. The parole hearing about which plaintiff complains occurred at USP Big Sandy in Inez, Kentucky, and any Parole Commission decisionmaking occurred in Chevy Chase, Maryland. Compl., Ex. 1 (Notice of Action); Thiessen Decl. ¶ 5. Regardless of whether these defendants acted in or outside of the District of Columbia, plaintiff suffered no injury here. Even if service of process on these defendants were perfected, the Court concludes that it lacks personal jurisdiction over defendants Reilly and Haworth.

### C. Transfer of this Action Is Not Warranted

Plaintiff asks the Court "to 'transfer' the case to the proper Court rather than 'dismiss' it outright." Pl.'s Opp'n ¶ 12. Transfer is appropriate under 28 U.S.C. § 1406(a) "when procedural obstacles impede an expeditious and orderly adjudication on the merits" of a case. *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983) (citing *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962)). Such procedural obstacles include lack of personal jurisdiction and improper venue. *Sinclair v. Kleindienst*, 711 F.2d at 294 (citing *Dubin v. United States*, 380 F.2d 813, 816 (5th Cir. 1967)).

Transfer of this action to an appropriate forum, the United States District Court for the District of Maryland, may resolve the matter of personal jurisdiction over defendants Reilly and Haworth. However, there would remain a substantial obstacle in plaintiff's path.

Officials performing judicial functions have absolute immunity from civil liability based on their judicial actions. *Forrester v. White*, 484 U.S. 219, 228-29 (1988). Courts have extended absolute immunity to a wide range of persons playing a role in the judicial process. These have included prosecutors, *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976), court clerks, *Sindram v.*

*Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993) (per curiam), and probation officers, *Turner v. Barry*, 856 F.2d 1539, 1541 (D.C. Cir. 1988). A number of courts have held that such quasi-judicial immunity applies to parole officers and members of a parole board. *See, e.g., Figg v. Russell*, 433 F.3d 593, 600 (8th Cir. 2006); *Walrath v. United States*, 35 F.3d 277, 281-82 (7th Cir. 1994); *Mee v. Ortega*, 967 F.2d 423, 429 (10th Cir. 1992); *Fuller v. Georgia State Bd. of Pardons and Paroles*, 851 F.2d 1307, 1310 (11th Cir. 1988) (per curiam); *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir.), *cert. denied*, 454 U.S. 1102 (1981); *Thompson v. Burke*, 556 F.2d 231, 236 (3d Cir. 1977). Two judges on this district court agree. *See Pate v. United States*, 277 F. Supp. 2d 1, 10 (D.D.C. 2003); *Merki v. Baer*, No. 89-0101, 1990 WL 113890 at *2 (D.D.C. July 24, 1990). Given this authority, the Court concludes that transfer of this action is not in the interest of justice. Plaintiff's motion to transfer will be denied.

### D. Habeas Claims Are Not Properly Brought in this District

To the extent that plaintiff challenges to the fact or duration of his incarceration, defendants correctly note that such claims must be brought in a habeas action. State prisoners must use a habeas corpus remedy "when they seek to invalidate the duration of their confinement – either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) (emphasis in original); *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (finding that, even if restoration of good time credits shortened length of petitioners' confinement, suit "would still have been within the core of habeas in attacking the very duration of their physical custody itself").

Habeas corpus actions are subject to jurisdictional and statutory limitations. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973). The proper respondent in a habeas corpus action is the petitioner's custodian, who generally is the warden of the institution where the petitioner is incarcerated. *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)). "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. United States Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004). Given plaintiff's designation to USP Big Sandy, any habeas claim that plaintiff may raise is not properly brought in this Court.

### E. Plaintiff's Motion to Certify Class Will Be Denied

Plaintiff moves for certification of a class defined as follows:

> all of the District of Columbia Department of Corrections Inmates that were transferred to the custody of the U.S. Federal Bureau of Prisons and were denied parole under said authority and supervision of the U.S. Parole Commission.

Plaintiff's Motion for Class Certification at 1.

Rule 23 of the Federal Rules of Civil Procedure authorizes one or more members of a class to sue on behalf of all members under specified conditions. *See* Fed. R. Civ. P. 23(a). "In order to establish that they are entitled to certification of a class, plaintiffs bear the burden of showing that a class exists, that all four prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure have been met and that the class falls within at least one of the three categories of Rule 23(b) of the Federal Rules of Civil Procedure." *Pigford v. Glickman*, 182 F.R.D. 341, 345

(D.D.C. 1998); see *Franklin v. Barry*, 909 F.Supp. 21, 30 (D.D.C. 1995). Of particular importance here is the requirement that the prospective class representatives "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

Although a plaintiff may appear *pro se* on his own behalf, he may not represent other *pro se* plaintiffs in federal court. See 28 U.S.C. § 1654. Ordinarily, because a lay person does not have the legal training or expertise required to protect the interests of a class, courts are reluctant to certify a class represented by a *pro se* litigant. The representative's "[a]bility to protect the interests of the class depends in part on the quality of counsel," and "the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam); *Lile v. Simmons*, 143 F.Supp. 2d 1267, 1277 (D. Kan. 2001) (denying *pro se* inmate's motion to certify class); *Martin v. Middendorf*, 420 F.Supp. 779, 780-81 (D.D.C. 1974) (denying *pro se* plaintiff's motion for class certification in employment discrimination action because of inherent disadvantage to layman who lacked familiarity with substantive and procedural matters). Without counsel, there is a serious risk that the class representative may affect adversely the rights of the other members of the class. See *Oxendine*, 509 F.2d at 1407 ("plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action"); *Graham v. Perez*, 121 F.Supp. 2d 317, 321 (S.D.N.Y. 2000) ("[i]t is well settled in this circuit that pro se plaintiffs cannot act as class representatives" because they do not satisfy the requirements of Rule 23(a)(4)); *Maldonado v. Terhune*, 28 F.Supp. 2d 284, 288 (D.N.J. 1998) (holding that *pro se* prisoners are "inadequate to represent the interests of his fellow inmates in a class action").

The Court agrees with this substantial precedent that a *pro se* litigant is not a suitable class representative. Plaintiff does not demonstrate his ability to fairly and adequately represent the interests of the prospective class and, therefore, does not establish an entitlement to certification of a class. The Court has denied plaintiff's prior motion for appointment of counsel, and will deny the pending motion for reconsideration of that ruling. Plaintiff's motion for class certification therefore will be denied.

### III. CONCLUSION

The Court concludes that plaintiff's claims under 42 U.S.C. § 1983 against the Parole Commission and claims for monetary damages against defendants Reilly and Haworth in their official capacities are barred by the doctrine of sovereign immunity, that it lacks personal jurisdiction over defendants Reilly and Haworth in their individual capacities, that transfer is not in the interest of justice, and, to the extent that plaintiff raises claims sounding in habeas, this Court is not the proper district for their resolution. Because plaintiff, who is proceeding *pro se*, does not demonstrate his ability to protect the interests of a prospective class of inmates, the Court will deny his motion for certification of the class. Accordingly, the Court will grant defendants' motion to dismiss, and will dismiss this action without prejudice. An Order consistent with this Memorandum Opinion will be issued separately on this same date.

*[signature]*
ROYCE C. LAMBERTH
United States District Judge

Date: 3/23/07