# United States Court of Appeals

## FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 07-5134**

**September Term, 2007**

06cv00235

**Filed On: November 23, 2007**

[1081826]
Abdus-Shahid M.S. Ali,
      Appellant

     v.

United States Parole Commission and Haywood,
Examiner, Parole Commissioner,
      Appellees

**MANDATE**

Pursuant to the provisions of Fed. R. App.Pro.41(a)

ISSUED:

BY:

ATTACHED: ___ Amending Order
           ___ Opinion
           ___ Order on Costs

**BEFORE:**    Sentelle, Randolph, and Brown, Circuit Judges

## O R D E R

Upon consideration of the motion for appointment of counsel; and the motion for summary affirmance, the response thereto, and the reply, it is

**ORDERED** that the motion for appointment of counsel be denied. With the exception of defendants appealing or defending in criminal cases, appellants are not entitled to appointment of counsel when they have not demonstrated sufficient likelihood of success on the merits. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). The district court properly dismissed the claims against appellee U.S. Parole Commission as barred by sovereign immunity. See Settles v. U.S. Parole Commission, 429 F.3d 1098, 1105 (D.C. Cir. 2005) (and cases cited therein). Similarly, the claims filed against the named Commissioner and hearing examiner in their official capacities were also properly dismissed as barred by sovereign immunity. See Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). The district court properly determined it lacked personal jurisdiction over the named Commissioner and hearing examiner in their individual capacities, because they had no contacts with the District of Columbia and because appellant did not meet his burden of demonstrating that the District of Columbia's long-arm jurisdiction could be exercised over these two individuals. Cf. First Chicago Internat'l v. United Exchange Co., 836 F.2d 1375, 1378 (D.C. Cir. 1988) (plaintiff carries burden of demonstrating personal jurisdiction); GTE New Media Services, Inc. v. BellSouth Corp., 199 F.3d 1343, 1347 (D.C. Cir. 2000)

A True Copy:

United States Court of Appeals
for the District of Columbia Circuit

By:

                   Deputy Clerk

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

## No. 07-5134                      September Term, 2007

(two-part analysis to demonstrate long-arm jurisdiction).  To the extent any of appellant's claims sound in habeas, the district court properly dismissed them.  <u>See</u> <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 434-35 (2004) (habeas claims must be brought in the jurisdiction in which appellant's warden is located).  Nor did the district court abuse its discretion by denying the motion for class certification.  <u>See</u> Fed. R. Civ. P. 23; <u>Richards v. Delta Air Lines, Inc.</u>, 453 F.3d 525, 529 (D.C. Cir. 2006).

      As for appellant's claims for injunctive relief against unspecified "Appellee(s)," because the district court dismissed the complaint *without* prejudice, appellant may file a new complaint seeking injunctive relief, although this court does not provide any assurance whether such a complaint would be successful.  <u>See</u> <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 n.10 (1989).

      Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

### **<u>Per Curiam</u>**